Steve WARREN, Appellant,

v.

AMERICAN NATIONAL FIRE INSURANCE COMPANY, Appellee.

No. 2–91–187–CV.

Court of Appeals of Texas, Fort Worth.

Feb. 12, 1992.

Rehearing Overruled April 21, 1992.

G. Craig Hubble, Arlington, for appellant.

Cowles & Thompson, R. Brent Cooper and Charles T. Frazier, Jr., Dallas, for appellee.

Before WEAVER, C.J., and FARRIS and LATTIMORE, JJ.

## OPINION

LATTIMORE, Justice.

This is an appeal by Steve Warren from the trial court's order granting American National Fire Insurance Company's (ANFIC) motion for summary judgment. Warren originally filed this suit against ANFIC seeking damages for breach of an insurance contract, negligence, breach of the duty of good faith and fair dealing, deceptive trade practices, and unfair claims settlement practices. Warren alleged that ANFIC should have provided him with an unconditional defense in a lawsuit brought by Larry Laster for personal injuries, and that ANFIC should indemnify him for the $2,985,124.81, plus court costs and postjudgment interest, rendered against him in that action.

Warren asserts twenty-three points of error of which the first simply restates the requirement that a party must be entitled to judgment as a matter of law before a trial court may grant that party's motion for summary judgment. Warren's remaining points address each ground raised by ANFIC in its motion for summary judgment and upon which the trial court may have granted such.

We affirm.

## Statement of Facts

Warren and his employer, Inter–County Concrete, Inc., were both sued by Laster in 1986 for damages that Laster received when his truck was hit by the chute on an Inter–County concrete truck which was driven by Warren. At the time of the accident, Inter–County had primary automobile liability insurance coverage with Transit Casualty Co. The Transit policy provided coverage up to $1,000,000.00 per occurrence. Inter–County had an excess umbrella policy with ANFIC.

As of February 1987, Transit was declared to be insolvent under the laws of the State of Texas. G. Craig Hubble, Warren's attorney, advised ANFIC for the first time of the accident and suit. After a request to defend this suit by Hubble, ANFIC made identical offers to defend both Warren and Inter–County based upon a reservation of rights that, by defending them, ANFIC would not waive its right to maintain that it was not obligated to pay the first $1,000,000.00 of recovery. Inter–County accepted this offer while Warren did not. Then, after Warren failed to respond to a request for admissions from Laster, the statements contained in the request for admissions were deemed admitted. The trial court granted Laster's partial summary judgment. Six months later, the trial court signed a final judgment in favor of Laster against Warren in the amount of $2,985,124.81, plus court costs and postjudgment interest.

Warren filed the present suit alleging that ANFIC breached its duty to defend him in the underlying suit and failed to indemnify him from the underlying judgment. Warren asserts causes of action for breach of an insurance contract, negligence, breach of the duty of good faith and fair dealing, deceptive trade practices, and unfair claims settlement practices. On July 12, 1991, the court granted ANFIC's cross-motion for summary judgment. It is

from this take-nothing judgment that Warren now appeals.

### Appellant's Points of Error

All of the appellant's points of error revolve around the single issue of whether the trial court properly granted ANFIC's cross-motion for summary judgment. In a summary judgment case, the issue on appeal is whether the movant met his burden for summary judgment by establishing that there exists no genuine issue of material fact and that he is entitled to judgment as a matter of law. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979); TEX.R.CIV.P. 166a. The burden of proof is on the movant, and all doubts as to the existence of a genuine issue as to a material fact are resolved against him. *Great American R. Ins. Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex.1965). Therefore, we must view the evidence in the light most favorable to the nonmovant. *See id.* In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence will be disregarded and the evidence favorable to the nonmovant will be accepted as true. *Montgomery v. Kennedy*, 669 S.W.2d 309, 311 (Tex.1984); *Farley v. Prudential Ins. Co.*, 480 S.W.2d 176, 178 (Tex.1972). Every reasonable inference from the evidence must be indulged in favor of the nonmovant and any doubts resolved in his favor. *Montgomery*, 669 S.W.2d at 311. Evidence which favors the movant's position will not be considered unless it is uncontroverted. *Great American*, 391 S.W.2d at 47. The summary judgment will be affirmed only if the record establishes that the movant has conclusively proved all essential elements of his cause of action or defense as a matter of law. *City of Houston*, 589 S.W.2d at 678.

■ Warren's eighth, seventeenth, and eighteenth points of error concern his defense in the underlying suit. The first sub-issue which we will address is the question of whether ANFIC owed Warren a defense in the underlying suit. The basic policy coverage was changed by the Texas Amendatory Endorsement and thus negated ANFIC's obligation to defend Warren. The policy was amended as follows:

II. DEFENSE SETTLEMENT: With respect to any occurrence not covered by the underlying policies listed in Schedule A hereof or any other underlying insurance collectible by the insured, but covered by the terms and conditions of this policy except for the amount of the retained limit specified in Item 3(C) of the declarations, the company may:

(a) defend any suit against the insured alleging such injury or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; but the company may make such investigation, negotiation and settlement of any claim or suit as it deems expedient

. . . .

. . . .

E. ASSISTANCE AND COOPERATION OF THE INSURED: The company shall not be called upon to assume charge of the settlement or defense of any claim made or proceeding instituted against the insured.

J. UNDERLYING INSURANCE: If underlying insurance is exhausted by any occurrence, the company may assume charge of the settlement or defense of any claim or proceeding against the insured resulting from the same occurrence, but only where this policy applies immediately in excess of such underlying insurance, without the intervention of excess insurance of another carrier. (Emphasis added.)

Based upon the clear language of the Texas Amendatory Endorsement, *supra*, we hold that while ANFIC *may* have opted to defend the appellant, it did not owe Warren any duty to defend in the underlying suit. Hence, ANFIC did not breach any obligation owed Warren when it offered to defend him subject to certain reservations and conditions.

■ The second sub-issue which we will address is whether Warren took all reasonable steps to conduct an adequate and reasonable defense. We agree with

ANFIC's assertion that in an excess insurance contract of this kind there is an obligation on the part of the insured to take reasonable steps to avoid or minimize legal liability. *See Britt v. Cambridge Mut. Fire Ins. Co.*, 717 S.W.2d 476, 477–80 (Tex. App.—San Antonio 1986, writ ref'd n.r.e.) (opinion on reh'g); *Harville v. Twin City Fire Ins. Co.*, 885 F.2d 276, 277–79 (5th Cir.1989); *Fidelity & Casualty Co. v. Gault*, 196 F.2d 329, 330 (5th Cir.1952); *Laster v. American Nat'l Fire Ins. Co.*, 775 F.Supp. 985, 995 (N.D.Tex.1991). After reviewing the undisputed summary judgment evidence in the record relating to Warren's defense conduct, which we will not itemize,[1] we conclude that such conduct provided an independent ground for the trial court's granting of ANFIC's motion for summary judgment. Federal District Judge McBryde appropriately characterized these same facts in *Laster v. American Nat'l Fire Ins. Co.* in which he stated:

A more glaring case of lack of cooperation by an insured and of calculated disregard of an excess insurer's rights would be difficult to find. Improper collusive conduct on the part of Warren and his counsel, to the detriment of American [ANFIC], is strongly indicated by the summary judgment record.

*Laster*, 775 F.Supp. at 999. Based upon the summary judgment evidence in the record, we hold that Warren did not take reasonable steps to minimize ANFIC's legal liability and thus the trial court may have properly granted the summary judgment on this independent ground. Warren's eighth, seventeenth, and eighteenth points of error are overruled.

■ The appellant's ninth, tenth, and nineteenth points of error address the issue of whether the summary judgment evidence established as a matter of law that Warren failed to comply with the policy's loss payable clause. The insurance policy's loss payable clause provides:

G. **Loss Payable:** The company's liability under this policy with respect to any occurrence shall not attach until the amount of the applicable underlying limit has been paid by or on behalf of the insured, or the amount of the retained limit has been paid by the insured on account of such occurrence.

Our interpretation of this clause is that ANFIC has no liability under this umbrella policy unless and until: (1) payment by or on behalf of the insured of the $1,000,-000.00 underlying limit of liability of the Transit policy, or (2) payment by the insured of the retained limit which under the policy amounted to $25,000.00. The policy's requirement that the insured pay the underlying limit or the retained limit prior to the vesting of ANFIC's liability is an appropriate condition precedent. Warren has failed to provide any evidence in avoidance of ANFIC's affirmative defense under the loss payable clause. We conclude from the record that Warren has neither paid Laster the underlying limit of $1,000,000.00 nor the retained limit of $25,000.00; hence, the loss payable clause provides another independent ground upon which the trial court could have relied in granting ANFIC's motion for summary judgment. The appellant's ninth, tenth, and nineteenth points of error are overruled.

■ Warren asserts in his fifth point of error that the trial court erred in its granting of ANFIC's cross-motion for summary judgment because ANFIC's own conduct caused it to waive the policy conditions and excused Warren from complying. Warren claimed in the trial court that ANFIC waived or was estopped to assert policy defenses and that it excused compliance by Warren with all policy conditions. However, as partially discussed *supra*, we agree with ANFIC that it did not owe Warren a duty to defend pursuant to the umbrella contract. In addition, ANFIC did not breach the insurance contract by communicating to Warren that it would not pay the first $1,000,000.00 in damages which was due from the underlying insurance carrier or the insured. ANFIC did not misrepresent its duties and obligations to Warren; therefore, we hold that ANFIC

---

1. For a comprehensive review of the undisputed summary judgment evidence relating to Warren's defense conduct, refer to: *Laster*, 775 F.Supp. at 995–99.

did not waive or is not estopped to now assert the insurance policy defenses. Warren's fifth point of error is overruled.

Having already found two independent grounds, an inadequate defense in the underlying suit and the loss payable clause, upon which the trial court could have based its order granting the appellee's motion for summary judgment, we need not address the appellant's remaining points of error.

The judgment of the trial court is affirmed.