TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00271-CV






Richard W. Oram and Conna E. Oram, Appellants



v.



State Farm Lloyds, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT


NO. 95-11079, HONORABLE JERRY DELLANA, JUDGE PRESIDING 






 Appellee State Farm Lloyds denied the claim of appellants Richard W. Oram and
Conna E. Oram for the costs of repairing damage to the foundation of their house, which the
Orams assert was caused by a plumbing leak; the Orams then sued State Farm seeking damages
for breach of contract and violations of the Insurance Code. See Tex. Ins. Code Ann. arts. 21.21,
21.55 (West Supp. 1998). The jury found in favor of the Orams, but the trial court granted State
Farm's motion for judgment notwithstanding the verdict on the basis that as a matter of law the
insurance policy did not cover foundation damage caused by plumbing leaks.

 On appeal, the Orams assert in seven points of error that the trial court erred in
(1) disregarding the jury's answers to questions 1, 2, 3, and 8, which established State Farm's
liability under the homeowners policy of the foundation damage, (2) disregarding the jury's
answers to questions 4, 5, and 8, which established State Farm's liability for unfair or deceptive
acts or practices in the business of insurance, (3) refusing to enforce State Farm's stipulations as
to coverage for foundation damage due to a plumbing leak, (4) granting State Farm's motion for
judgment notwithstanding the verdict and rendering a take-nothing judgment in favor of State
Farm, (5) denying the Orams' motion to modify or correct the judgment, (6) denying the Orams'
motion for new trial, and (7) refusing to submit to the jury the Orams' requested question under
article 21.55 of the Insurance Code. State Farm raises three cross-points of error asserting that:
(1) there was no evidence or, in the alternative, insufficient evidence to support the jury finding
of a violation of article 21.21 of the Insurance Code because liability never became "reasonably
clear," (2) there was no evidence or, in the alternative, insufficient evidence to support the jury
finding of a "knowing" violation of the Insurance Code, and (3) the Orams failed to cooperate as
a matter of law, or, in the alternative, the jury finding that the Orams did not fail to cooperate was
against the great weight and preponderance of the evidence. We will affirm in part and reverse
in part the trial court's judgment.


FACTUAL AND PROCEDURAL BACKGROUND

 In 1991, the Orams purchased a 30-year-old house in Austin, Texas. In both 1991
and later in 1993, the Orams had the house and its foundation inspected, and no problems were
discovered. Soon after the second inspection, the Orams noticed cracks developing in several
rooms in the house. They hired inspectors and engineers, who discovered a sewer line plumbing
leak under the slab and a crack in the foundation. The Orams filed a claim with State Farm to
cover the cost of repair. State Farm sent its own inspectors to the house who determined that the
cause of the foundation damage was seasonal moisture changes and roots from surrounding trees. 
State Farm denied the Orams' claim, offering to pay only to repair the plumbing leak. The Orams
rejected the offer and filed suit asserting breach of contract and violations of articles 21.21 and
21.55 of the Insurance Code.

 The case was tried to the jury, which found that 60% of the foundation damage was
caused by a plumbing leak. The jury also found that State Farm had knowingly violated article
21.21 of the Insurance Code. The jury failed to find that the Orams had suffered any mental
anguish damages or that the Orams failed to cooperate with State Farm. State Farm filed a motion
for judgment notwithstanding the verdict, arguing that the Orams' policy unambiguously did not
cover foundation damage caused by plumbing leaks. The trial court granted the motion stating that
the Orams' claims were, as a matter of law, excluded under the terms of the policy.


DISCUSSION

 A trial court may disregard a jury's findings and grant a motion for judgment
notwithstanding the verdict only when there is no evidence upon which the jury could have made
its findings. Tex. R. Civ. P. 301; Mancorp, Inc. v. Culpepper, 802 S.W.2d 226, 227 (Tex.
1990). In reviewing the grant of the motion, the record is reviewed in the light most favorable
to the jury findings, considering only the evidence and inferences that support the findings and
rejecting the evidence and inferences contrary to them. Johnson & Johnson Medical, Inc. v.
Sanchez, 924 S.W.2d 925, 929 (Tex. 1996). If there is more than a scintilla of competent
evidence to support the jury's finding, the judgment notwithstanding the verdict should be
reversed. Mancorp, 802 S.W.2d at 228.

 In support of points of error one, three, four, five, and six, the Orams argue that
the trial court incorrectly held that the State Farm homeowners policy did not provide coverage
for foundation damages due to plumbing leaks. The Texas Supreme Court recently disposed of
this issue. See Balandran v. Safeco Ins. Co., 41 Tex. Sup. Ct. J. 1153 (July 3, 1998). The court
concluded that the 1991 Texas Standard Homeowner's Policy--Form B covers damage to an
insured's dwelling from foundation movement caused by an underground plumbing leak. See id.
at 1156. The court reasoned that while both sides presented a reasonable interpretation of the
policy, rules of construction required the court to adopt the insured's interpretation. See id. at
1155.

 The policy in the present case is also the 1991 Texas Standard Homeowner's
Policy--Form B. The jury determined that 60% of the damage to the foundation of the Orams'
residence was caused by a plumbing leak. We conclude that the trial court erred in rendering
judgment that the Orams take nothing on the ground that their policy precluded recovery for
foundation damage from plumbing leaks. Points of error one, four, five, and six are sustained. 
We need not address point three, which concerns whether State Farm stipulated as to coverage.

 In their second point of error, the Orams assert that the trial court erred in
disregarding the jury's answers that established State Farm's liability for unfair or deceptive acts
or practices in the business of insurance. See Tex. Ins. Code Ann. art. 21.21, § 4(10) (West
Supp. 1998). The jury found that, in State Farm's handling of the Orams' foundation claim, State
Farm had engaged in an unfair or deceptive act or practice that resulted in damages to the Orams. 
State Farm, in its first cross-point, asserts that there was no evidence or insufficient evidence to
support the jury's answer to this question because there was a bona fide dispute over coverage.

 The jury question defined "unfair or deceptive act or practice" as "not attempting
in good faith to effectuate a prompt, fair, and equitable settlement of a claim when liability has
become reasonably clear." See id. A claimant who alleges that an insurance company breached
the good-faith duty must establish the absence of a reasonable basis for the denial and that the
carrier knew or should have known there was no reasonable basis for denial. See National Union
Fire Ins. Co. v. Dominguez, 873 S.W.2d 373, 376 (Tex. 1994); Southland Lloyd's Ins. Co. v.
Tomberlain, 919 S.W.2d 822 (Tex. App.--Texarkana 1996, writ denied). An insurer does not
breach its duty of good faith merely by erroneously denying the claim. United States Fire Ins. Co.
v. Williams, 955 S.W.2d 267, 268 (Tex. 1997).

 In a December 1994 letter, State Farm denied the Orams' claim, stating: "It is
questionable whether there has been a loss caused by a peril insured against." In its September
1995 answer to the Orams' original petition, State Farm asserted that the Orams' policy does not
cover foundation damage caused by plumbing leaks. In 1997, the Fifth Circuit Court of Appeals
agreed with State Farm's construction of the policy, concluding that the policy unambiguously did
not cover foundation damage caused by plumbing leaks. See Sharp v. State Farm Fire & Casualty
Ins. Co., 115 F.3d 1258, 1263 (5th Cir. 1997). In Balandran, the Texas Supreme Court rejected
the conclusion reached in Sharp, but acknowledged that the Fifth Circuit's construction of the
policy was reasonable. See Balandran, 41 Tex. Sup. Ct. J. at 1155. In the present case, State
Farm based its denial of coverage on the assertion that the Orams' policy did not cover the loss
suffered. (1) Because the Fifth Circuit adopted State Farm's construction, and because the Texas
Supreme Court deemed the construction asserted by State Farm reasonable, we conclude as a
matter of law that State Farm had a reasonable basis for denying the claim. See Williams, 955
S.W.2d at 269 (an insurer cannot be liable for bad faith simply because it misinterprets a rule). 
The Orams' point of error six is overruled and State Farm's cross-point one is sustained. 
Consequently, we need not address State Farm's second cross-point.

 In point of error seven, the Orams assert that the trial court erred in failing to
submit their requested jury question regarding article 21.55, section 3 of the Insurance Code. That
article requires an insurer to notify a claimant in writing of the acceptance or rejection of the claim
not later than the fifteenth business day after "the insurer receives all items, statements, and forms
required by the insurer, in order to secure final proof of loss." Ins. Code art. 21.55, § 3(a). 
Article 21.55 also provides that "if an insurer delays payment of a claim following its receipt of
all items, statements, and forms reasonably requested and required . . . for more than 60 days, the
insurer shall pay damages and other items as provided for in Section 6 of this article." Ins. Code
art. 21.55, § 3(f). Section six provides for 18% annual interest on the amount of the delayed
payment, together with reasonable attorney's fees. Ins. Code art. 21.55, § 6.

 The Orams contend State Farm is liable for the 18% interest penalty, citing
Higginbotham v. State Farm Mutual Automobile Insurance Co., 103 F.3d 456, 461 (5th Cir.
1997). Construing article 21.55 of the Texas Insurance Code, the court held:


 A wrongful rejection of a claim may be considered a delay in payment for
purposes of the 60-day rule and statutory damages. More specifically, if an insurer
fails to pay a claim, it runs the risk of incurring this 18 percent statutory fee and
reasonable attorneys' fees. In sum, State Farm took a risk when it chose to reject
Higginbotham's claim. State Farm lost when it was found liable for breach of
contract. Therefore, it must pay this 18 percent per annum interest and reasonable
attorneys' fees.



Id. We agree with this analysis. Accordingly, because the record here conclusively establishes
that State Farm chose to reject the Orams' claim and failed to pay within 60 days of its receipt of
all reasonably requested and necessary paperwork, the Orams are entitled to recover the 18%
statutory fee and reasonable attorney's fees.

 Because we hold that the record conclusively establishes liability under section 3(f),
it is unnecessary to consider whether section 3(a) also conclusively established liability or whether
the trial court erred in refusing the submitted jury question. Accordingly, we do not address point
of error seven.

 In its third cross-point, State Farm asserts that the Orams failed to cooperate as a
matter of law, or alternatively, that the jury's finding the Orams did not fail to cooperate was
against the great weight and preponderance of the evidence. In deciding a no-evidence point, we
consider only the evidence and inferences tending to support the finding of the trier of fact and
disregard all the evidence and inferences to the contrary. Garza v. Alviar, 395 S.W.2d 821, 823
(Tex. 1965); Destec Energy, Inc. v. Houston Lighting & Power Co., 966 S.W.2d 792, 796 (Tex.
App.--Austin 1998, no pet.). In reviewing an "as a matter of law" challenge to a jury's adverse
finding of fact regarding an issue on which the challenger had the burden of proof, the appellate
court must first examine the record for evidence that supports the jury's finding, ignoring all
evidence to the contrary. Sterner v. Marathon Oil Co., 767 S.W.2d 686, 690 (Tex. 1989). If
there is no evidence to support the fact finding, the entire record must be examined to see if the
contrary proposition is established as a matter of law. Id. A factual-sufficiency review requires
the court to consider and weigh all of the evidence and to set aside the verdict and remand for a
new trial only if we conclude that the verdict is so against the great weight and preponderance of
the evidence as to be manifestly unjust. See In re King's Estate, 244 S.W.2d 660, 661 (Tex.
1951); First State Bank v. Keilman, 851 S.W.2d 914, 930 (Tex. App.--Austin 1993, writ denied).

 State Farm contends that the Orams' policy required the Orams to provide State
Farm with pertinent records and documents required by State Farm. The Orams did not provide
State Farm with a certain engineering report (the "King report"). State Farm asserts that this
conclusively establishes a failure to cooperate. See Rodriquez v. Texas Farmers Ins. Co., 903
S.W.2d 499, 509 (Tex. App.--Amarillo 1995, writ denied) (collusive agreement with third party
demonstrated failure to cooperate as a matter of law); Warren v. American Nat'l Fire Ins. Co., 826
S.W.2d 185, 188-89 (Tex. App.--Fort Worth 1992, writ denied) (in characterizing improper
collusive conduct of insured, court states "a more glaring case of lack of cooperation . . . would
be difficult to find").

 At trial Mr. Oram testified that he could not recall giving the King report to State
Farm, but that he did not intentionally withhold information. Mr. Oram also testified that it was
very likely that he at least mentioned King's name to State Farm. In addition, the Orams
presented evidence that another report--the "Peterson report"--had been provided to State Farm
but was missing from State Farm's file on the Orams' claim. The Orams contend the jury could
have rationally concluded that the King report had also been given to State Farm and, like the
Peterson report, "disappeared" from the file. A claims superintendent testified that the King
report may have affected State Farm's decision to deny the claim, but he did not know for certain. 
We conclude that this evidence does not conclusively establish the Orams' failure to cooperate. 
Furthermore, the jury's finding was not so against the great weight and preponderance of the
evidence as to be manifestly unjust.

 In post-submission letters to the court, the parties raise additional issues that we will
address. The Orams agree with State Farm that the jury's finding that only 60% of the foundation
damage was caused by the plumbing leak means that the Orams may recover only 60% of the
$44,000 foundation-repair-cost damages found by the jury. However, the Orams assert that the
amount of cosmetic repair cost and additional living expense damages should not be reduced by
that percentage. We agree. There was no jury finding or pleading by State Farm that the cosmetic
damages or additional living expenses were the result of something excluded under the policy. 
The 60% figure should be applied to the foundation damage repair costs only.

 The jury made two findings as to attorney's fees: a dollar amount and a percentage. 
The supreme court has stated that attorney's fees should not be awarded on a percentage basis for
DTPA claims, and we find the court's reasoning applicable here as well. See Arthur Andersen &
Co. v. Perry Equip. Corp., 945 S.W.2d 812, 818 (Tex. 1997). Therefore, the dollar amount
figure ($63,050) found by the jury is the appropriate amount of attorney's fees to be awarded.


CONCLUSION

 Having overruled point of error two and granted cross-point one, we affirm the trial
court's take-nothing judgment on the Orams' claim that State Farm violated article 21.21 of the
Insurance Code. Having sustained points of error one, four, five, and six, and overruled cross-point three, we reverse the trial court's judgment as to the Orams' breach of contract claim; as to
that cause of action, we render judgment that the Orams recover from State Farm $35,260 in
contract damages. Having concluded that State Farm violated article 21.55 of the Insurance Code,
we also render judgment that the Orams recover 18% per annum interest on the contract damages
awarded beginning 60 days after State Farm's receipt of all items, statements, and forms
reasonably requested and required until the day preceding the date of the trial court's judgment;
we also award the Orams $63,050 in attorney's fees. Finally, we render judgment that the Orams
recover prejudgment interest on the contract damages at the rate of 6% per annum beginning on
the 30th day after the date State Farm received the Orams' claim until the day preceding the date
of the trial court's judgment; postjudgment interest at the rate of 10% per annum from the date
of the trial court's judgment until paid; and court costs.



 

 J. Woodfin Jones, Justice

Before Justices Aboussie, Jones and Kidd

Affirmed in Part; Reversed and Rendered in Part

Filed: September 11, 1998

Publish
1. State Farm also denied the claim on a factual basis: that the damage was not caused by a
plumbing leak.



te Farm contends that the Orams' policy required the Orams to provide State
Farm with pertinent records and documents required by Sta