**In the Interest of K.B.A., B.W.A., and D.J.A., Children.**

No. 2–04–003–CV.

Court of Appeals of Texas, Fort Worth.

Aug. 24, 2004.

---

Bradley Harold Andrews, Sahuarita, AZ, pro se.

Cooper & Scully, P.C., Brad M. La-Morgese, Dallas, for Appellees.

PANEL A: CAYCE, C.J.; LIVINGSTON and HOLMAN, JJ.

## OPINION

TERRIE LIVINGSTON, Justice.

This is an appeal by the father of K.B.A., B.W.A, and D.J.A. from an order terminating his parental rights. In a pro se brief, appellant presents ten issues for review, asking whether his parental rights should be terminated when he filed a timely answer objecting to the termination and no hearing was set after the answer was filed; whether Denton County has jurisdiction under Texas Family Code sections 155.203 and 155.003 when the children in this case resided in Tucson, Arizona since August 2002; whether Denton County has continuing jurisdiction under Texas Family Code section 155.206 when "Foreign Judgment and Modification of Child Custody" petitions have been filed, with supporting affidavits, in the Superior Court of Arizona on November 25, 2003; whether Denton County has jurisdiction in this case when appellant, has resided in Pima County, Arizona since August 2003, when there are not any open cases keeping jurisdiction in Texas, and when the biological mother's rights have been terminated due to her failure to answer or appeal the petition to terminate; whether the trial court should have granted an order of termination when appellant never received notice of a hearing date, when the record states testimony was duly reported by the court reporter, but no reporter was present, and when appellant never waived his right to a jury trial. We reverse.

## Facts

Appellant, his children, and the children's maternal grandparents, appellees, all live in Arizona. The children lived in Texas with their mother in the past, but have lived in Arizona with appellees since August 2002. In their respective pleadings, both parties concede that the same Denton County district court issued a prior custody order granting appellees custody of the children sometime in 2002. However, the record does not contain any pleadings, documents, orders, or judgments from the prior proceeding.

On October 27, 2003, appellees filed a petition in Denton County to terminate the parental rights of their daughter, the children's mother, and appellant, the children's father. Appellant answered by filing a letter with the district clerk denying the allegations in the petition, objecting to the adoption of the children by appellees, and requesting that the court dismiss the case or set a hearing to review the case seven months from the date of filing. In closing the letter, appellant requested that if the court did not dismiss the case, that it transfer the case to the appropriate jurisdiction in Tucson, Pima County, Arizona. The record does not contain an answer or any filings from the children's mother.

On December 18, 2003, the trial court heard the case. Neither appellant nor the biological mother appeared before the trial court. In a default judgment, the trial court ordered that the parental rights of appellant and the mother be terminated for failure to support the children for a one-year period preceding the termination filing. Appellant timely filed a motion to vacate the judgment and motion for dismissal without hearing on the grounds that he filed an answer, did not receive notice of the termination hearing, and filed a "Foreign Judgment and Modification of Child Custody" in Arizona on November 25, 2003.

## Jurisdiction

■ Because it is potentially determinative of the case, we must first determine whether the trial court had jurisdiction to hear the case. Appellant's third through seventh issues challenge the trial court's jurisdiction to render a default judgment. Because the custody of the children is the underlying issue in this case, jurisdiction is predicated on the Uniform Child Custody Jurisdiction and Enforcement Act ("UCJEA"), which Texas adopted effective September 1, 1999. *In re S.L.P.*, 123 S.W.3d 685, 688 (Tex.App.-Fort Worth 2003, no pet.); *In re Oates*, 104 S.W.3d 571, 576 (Tex.App.-El Paso 2003, orig. proceeding); *Saavedra v. Schmidt*, 96 S.W.3d 533, 540–41 (Tex.App.-Austin 2002, no pet.). In appellant's third and fourth issues he expressly challenges the jurisdiction of the trial court under chapter 155 of the Texas Family Code. However, chapter 155 applies to the transfer of proceedings *within* the state of Texas and appellant seeks to transfer the case to another state. Thus, chapter 155 of the Texas Family Code is inapplicable. TEX. FAM.CODE ANN. § 155.301 . (Vernon Supp.2004–05). Because appellant seeks *interstate* transfer, chapter 152 of the family code governs our review.

All parties concede that the trial court had jurisdiction to make the initial custody determination sometime in 2002. Appellant does not challenge the initial jurisdiction of the trial court in the prior custody proceeding, but challenges the exclusive continuing jurisdiction of the trial court to enter the termination order in this case. A court of this state that has made a prior child custody determination has exclusive continuing jurisdiction over the determination until:

(1) a court of this state determines that neither the child, nor the child and one parent, nor the child and a person acting as a parent, have a significant connection with this state and that substantial evidence is no longer available in this state concerning the child's care, protection, training, and personal relationships; or

(2) a court of this state or a court of another state determines that the child, the child's parents, and any person acting as a parent do not presently reside in this state.

TEX. FAM.CODE ANN. § 152.202 (Vernon 2002).

■ Whether a trial court has subject matter jurisdiction is a question of law reviewed under the de novo standard. *Mayhew v. Town of Sunnyvale,* 964 S.W.2d 922, 928 (Tex.1998). As the parties seeking to invoke the trial court's jurisdiction, appellees had the burden to allege facts that affirmatively showed the trial court had subject matter jurisdiction over their case. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 446 (Tex. 1993). In determining whether jurisdiction exists, we look not to the merits of appellees' claims, but to the allegations in the pleadings. *County of Cameron v. Brown,* 80 S.W.3d 549, 555 (Tex.2002); *MET–Rx USA, Inc. v. Shipman,* 62 S.W.3d 807, 810 (Tex.App.-Waco 2001, pet. denied). We accept them as true, and construe them in favor of the pleader. *County of Cameron,* 80 S.W.3d at 555; *MET–Rx USA,* 62 S.W.3d at 810. Where the pleadings do not affirmatively demonstrate an absence of jurisdiction, a liberal construction of the pleadings in favor of jurisdiction is appropriate. *Cont'l Coffee Prods. Co. v. Cazarez,* 937 S.W.2d 444, 449 (Tex.1996).

It is uncontested that the father, children, and maternal grandparents, who have custody of the children, all live in Arizona. According to the appellees' petition, they have had custody of the children for more than one year preceding the filing of the petition to terminate appellant's parental rights. The pleadings also allege that the children's mother is a resident of Arlington, Texas.

■ Construing the pleadings in favor of a finding of jurisdiction, we hold that because the pleadings allege that one parent still resides in the State of Texas and because the trial court had previously entered an initial child custody determination regarding the children, the trial court retained exclusive continuing jurisdiction. Because one litigant, the mother, still resides in Texas, the Texas trial court that made the original child custody determination is the only court that has jurisdiction. *See In re Forlenza,* 140 S.W.3d 373, 375–77 (Tex.2004). We overrule appellant's third through seventh issues.

### Reporter's Record

■ In his ninth issue, appellant complains that the trial court erred by terminating his parental rights because no reporter's record of the hearing exists. Appellant requested that the reporter's record be made a part of the record on appeal, and the trial court's judgment states that a record of the testimony during the termination hearing was reported by the court reporter. However, through no fault of appellant, the court reporter was unable to locate any record recorded in the matter heard on December 18, 2003.

■ An appellant is entitled to a new trial when he timely requests the reporter's record, and by no fault of the appellant, the reporter's record has been lost or destroyed, is necessary for the appeal, and cannot be reconstructed. TEX.R.APP. P.

34.6(f). Various courts of appeals have held that lack of a reporter's record in a post-answer default judgment context requires reversal. *See Best Buy RV, Inc. v. Galloway,* No. 01–01–01110–CV, 2003 WL 302409, at *1 (Tex.App.-Houston [1st Dist.] Feb 13, 2003, no pet.) (mem.op.) (reversing post-answer default judgment for lack of reporter's record on appeal); *Chase Bank of Tex., N.A. v. Harris County Water Control & Improvement Dist.,* 36 S.W.3d 654, 655–56 (Tex.App.-Houston [1st Dist.] 2000, no pet.) (op. on reh'g) (holding that lack of reporter's record of post-answer default judgment requires reversal on appeal challenging sufficiency of the evidence); *Carstar Collision, Inc. v. Mercury Fin. Co.,* 23 S.W.3d 368, 370 (Tex.App.-Houston [1st Dist.] 1999, pet. denied) (holding that if post-answer default judgment is rendered after presentation of evidence in the absence of the appellant and his attorney, failure to have the court reporter present to make a record constitutes reversible error because without a reporter's record, appellate court is unable to determine if sufficient evidence was submitted to support the judgment); *Piggly Wiggly v. Turner,* 577 S.W.2d 549, 550 (Tex.Civ.App.-Texarkana 1979, no writ) (holding that a party is entitled to reversal of default judgment if, in exercise of due diligence and through no fault of his own, he cannot obtain from court reporter a complete record of evidence, necessary to preserve his right of review, to present his points on appeal, and determine sufficiency of the evidence). Unlike a no-answer default judgment where a defendant admits the petition's allegations by his failure to answer, a post-answer default judgment constitutes neither an abandonment of defendant's answer nor an implied confession. *Stoner v. Thompson,* 578 S.W.2d 679, 682

(Tex.1979). Therefore, judgment cannot be entered on the pleadings and the petitioner in such a case must offer evidence and prove his case. *Id.*

The judgment of the trial court stated that a reporter was present and that the proceedings were duly recorded. Appellant requested that the reporter's record be made a part of the record on appeal. The reporter contacted this court and stated that appellant had requested the record, that the reporter's files showed that the case was heard on December 18, 2003, but that no recorded transcript could be found. Therefore, we sustain appellant's ninth point which would potentially entitle appellant to a new trial. Tex.R.App. P. 34.6(f).

Because appellant's right to a reporter's record and a new trial is necessarily conditioned on an appearance in the proceeding below, we must also address whether he filed an answer so that his answer entitled him to notice of the termination hearing.

### Default Judgment

In appellant's first, second, eighth, and ninth issues, he complains that the trial court erred by entering a no-answer default judgment against him after he filed a timely answer and that the trial court erred by not notifying him of the dispositive hearing or trial setting.

In response to the appellees' termination petition, appellant filed a pro se letter with the trial court clerk on November 12, 2003. The signed, notarized letter was filed within the time allowed for an answer and identified the parties, the children, the trial court cause number of the case, and the parties' current addresses.[1]

---

1. A defendant's answer must be filed by 10:00 a.m. on the Monday next following the expiration of twenty days after the date of service.

Tex.R. Civ. P. 99(b). Here, there was no return of service so we do not know the precise date that appellant was served, but the peti-

In the letter, appellant denied the allegations in the appellees' petition to terminate and objected to the jurisdiction of the trial court.

▉ Despite the timely filing of appellant's letter, the trial court entered a default judgment against appellant terminating his parental rights and finding that appellant "wholly made default." In response, appellant timely filed a motion to vacate the default judgment and a motion for dismissal alleging that he did not receive notice of the trial setting. In his post-judgment motions and brief, appellant essentially contends that the trial court erred by not granting him a new trial.[2]

Although appellant's letter was not in the "standard form" of an answer, it nevertheless gave the court a timely response acknowledging receipt and acceptance of appellees' citation and petition. *See Smith v. Lippmann*, 826 S.W.2d 137, 138 (Tex. 1992); *see also Santex Roofing Sheet Metal, Inc. v. Venture Steel, Inc.*, 737 S.W.2d 55, 56 (Tex.App.-San Antonio 1987, no writ) (holding that "Texas courts have always been reluctant to uphold a default judgment without notice where some response from the defendant is found in the record"). It constituted an appearance in the matter and was sufficient to defeat a no-answer default judgment. *See Hughes v. Habitat Apartments*, 860 S.W.2d 872, 873 (Tex.1993) (holding that pauper's affidavit sufficed as pro se answer entitling defendant to notice of hearing); *Lippmann*, 826 S.W.2d at 138 (holding that a timely filed pro se letter from the defendant identifying parties, case, and defendant's current address was a sufficient answer to defeat default judgment); *Custom–Crete, Inc. v. K–Bar Serv., Inc.*, 82

S.W.3d 655, 658 (Tex.App.-San Antonio 2002, no pet.) (holding that letter of non-attorney corporate representative denying breach of contract claims, although defective, was sufficient answer to avoid no-answer default judgment); *Faunce v. NCNB Tex. Nat'l Bank*, 846 S.W.2d 876, 877–78 (Tex.App.-Houston [14th Dist.] 1992, no writ) (op. on reh'g) (holding defendant's signed letter identifying cause of action, parties, and defendant's current address constituted timely pro se answer preventing entry of default judgment). Accordingly, we hold that appellant appeared by answer and was therefore entitled to notice of any subsequent proceedings in the case. *Lippmann*, 826 S.W.2d at 138; *Terehkov v. Cruz*, 648 S.W.2d 441, 442 (Tex.App.-San Antonio 1983, no writ) (signed letters to clerk timely acknowledging receipt of citation sufficed as "pro se answer" to prevent default judgment).

▉ A default judgment should be set aside in any case in which the defendant demonstrates (1) that its failure to answer or appear was not intentional or the result of conscious indifference; (2) that it has a meritorious defense; and (3) that the granting of a new trial will not operate to cause delay or other injury to the plaintiff. *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939) (no-answer default); *see also Dir., State Employees Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 268 (Tex. 1994) (post-answer default); *but cf. Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 683–85 (Tex.2002) (holding that *Craddock* does not apply to a motion for new trial filed after a summary judgment is granted on a motion to which the

---

tion was filed October 27, 2003 and appellant filed his answer on November 12, 2003. Thus, the answer was filed well within the time allowed.

**2.** We treat appellant's post-judgment motions as encompassing a motion for new trial for the purposes of appeal.

non movant failed to timely respond) *and Ivy v. Carrell,* 401 S.W.2d 336, 338 (Tex. Civ.App.-Beaumont 1966), *aff'd,* 407 S.W.2d 212 (Tex.1966) (holding that trial court did not abuse its discretion by denying motion for new trial where movant did not prove that his failure to be present at trial was not due to his own negligence, and did not prove that he had a meritorious defense). The historical trend in default judgment cases is toward the liberal granting of new trials. *Miller v. Miller,* 903 S.W.2d 45, 47 (Tex.App.-Tyler 1995, no writ). As such, where the elements of the *Craddock* test are satisfied, it is an abuse of discretion for the trial court to deny the defendant a new trial. *Evans,* 889 S.W.2d at 268.

 When a party receives no notice of a trial setting, he satisfies the first prong of *Craddock* and does not have to meet the remaining prongs of the test to be entitled to a new trial. *Lopez v. Lopez,* 757 S.W.2d 721, 723 (Tex.1988) (per curiam); *Mathis v. Lockwood,* 132 S.W.3d 629, 631 (Tex.App.-Dallas 2004, pet. filed); *Sharpe v. Kilcoyne,* 962 S.W.2d 697, 701–02 (Tex.App.-Fort Worth 1998, no pet.). A no-answer default judgment may not be rendered after the defendant has filed an answer. *Faunce,* 846 S.W.2d at 877; *Davis v. Jefferies,* 764 S.W.2d 559, 560 (Tex.1989) (per curiam).[3] Because the record shows appellant filed an answer before the rendition of the default judgment but included no evidence that he received notice of the hearing, he is entitled to a new trial.

We hold that because appellant timely filed an answer and was entitled to notice of the trial setting, the trial court erred by failing to grant appellant's request for a

new trial. We sustain appellant's first, second, and eighth issues.

### Conclusion

Having sustained appellant's first, second, eighth, and ninth issues, we reverse the trial court's judgment and remand the case for a new trial.

---

**3.** Additionally, the record contains no trial setting notice or order setting the case for trial.