

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-20-00056-CV

———————————————————

IN THE INTEREST OF J.T., A CHILD

---

On Appeal from the 323rd District Court
Tarrant County, Texas
Trial Court No. 323-108806-18

---

Before Sudderth, C.J.; Gabriel and Kerr, JJ.
Memorandum Opinion by Chief Justice Sudderth

**MEMORANDUM OPINION**

Appellant Father appeals from the trial court's final order granting him only supervised visitation with his son, J.T.[1] Two days after Father filed a timely request for a reporter's record, the court recorder notified this court that the record "was taken by digital audio recording" and that "there are portions of the audio recording missing," rendering her "unable to prepare a true and correct transcription of the proceedings held in this matter." *See* Tex. R. App. P. 34.6(a)(2). We abated the case to the trial court to conduct an evidentiary hearing and make findings pursuant to Texas Rule of Appellate Procedure 34.6(f).

Under Texas Rule of Appellate Procedure 34.6(f), an appellant is entitled to a new trial if: (1) the appellant timely requested a reporter's record; (2) without the appellant's fault, a significant exhibit or a significant portion of the court reporter's notes and records has been lost or destroyed or—if the proceedings were electronically recorded—a significant portion of the recording has been lost or destroyed or is inaudible; (3) the lost, destroyed, or inaudible portion of the reporter's record, or the lost or destroyed exhibit, is necessary to the appeal's resolution; and

---

[1]The Department of Family and Protective Services (DFPS) sought conservatorship of J.T. and the termination of his parents' rights. During the pendency of the case, the trial court granted DFPS's motion to appoint J.T.'s paternal grandparents as temporary possessory conservators. After a bench trial, the trial court appointed DFPS as J.T.'s permanent managing conservator, appointed J.T.'s paternal grandparents as his possessory conservators, and granted supervised visitation to both parents. J.T.'s mother did not appeal.

(4) the lost, destroyed, or inaudible portion of the reporter's record cannot be replaced by agreement of the parties, or the lost or destroyed exhibit cannot be replaced either by agreement of the parties or with a copy determined by the trial court to accurately duplicate with reasonable certainty the original exhibit. Tex. R. App. P. 34.6(f).

At the hearing, the court recorder testified that the audio file was incomplete and that she believed a significant portion was missing, although she did not know how much because she had not been at the trial. When asked whether there was any way to replace the lost portion, she replied, "Not to my knowledge." The court recorder explained that the trial judge operates the audio-recording system, and she agreed that, to the extent there was any fault to be had, it was either on the audio equipment or the judge,[2] not the parties.

At the conclusion of the hearing, the trial court found that:

- the trial proceedings from the previous hearing were electronically recorded;

- a timely reporter's record had been requested;

- a "significant portion of the electronically recorded record" had been lost or had not been recorded;

- the failure to record, the loss, or the destruction was not the fault of any party to the case;

---

[2]The judge who presided over Father's bench trial had retired by the time of the abatement hearing.

3

- the trial court could not determine whether the missing record would be absolutely necessary to resolve the appeal;

- the evidence in the missing record could have been material to the trial court's best interest and placement decisions and thus "probably was evidence that was considered by the trial court in making its findings"; and

- the lost record could not be replaced by agreement of the parties.[3]

In his single issue, Father argues that he was deprived of a true and accurate record of his trial and that he is thus entitled to a new trial under Texas Rule of Appellate Procedure 34.6(f).[4] Having reviewed the trial court's findings under Rule 34.6(f), we agree. *See In re S.V.*, No. 05-16-00519-CV, 2017 WL 3725981, at *3 (Tex. App.—Dallas Aug. 30, 2017, pet. denied) (op. on reh'g) (applying abuse-of-discretion standard); *see also Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007); *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004). Accordingly, we sustain Father's sole issue, reverse the trial court's judgment as to Father, and remand the case for a new trial as to Father. *See In re K.B.A.*, 145 S.W.3d 685, 689 (Tex. App.—Fort Worth 2004, no pet.) ("An appellant is entitled to a new trial when he timely requests the reporter's record,

---

[3]While counsel for J.T.'s mother said that she thought the testimony could be recreated, the district attorney and attorney ad litem expressed their doubts that they could recreate it exactly and accurately based on their recollections, and Father's appellate counsel had not represented him during the trial and so had no basis from which to attempt to recreate the missing testimony.

[4]DFPS agrees that the Rule 34.6(f) factors have been met and that Father is entitled to a new trial.

4

and by no fault of the appellant, the reporter's record has been lost or destroyed, is necessary for the appeal, and cannot be reconstructed.").

/s/ Bonnie Sudderth
Bonnie Sudderth
Chief Justice

Delivered:  April 30, 2020