**Robert L. TEATE, Plaintiff,**

**v.**

**THE MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, Defendant.**

**No. 1:96–CV–308.**

United States District Court, E.D. Texas, Beaumont Division.

May 30, 1997.

---

John Werner, Chris Quinn, Reaud, Morgan and Quinn, Beaumont, TX, for plaintiff.

Paul Wells, C. Dennis Barrow, Jr., Vinson & Elkins, Houston, TX, for defendant.

## MEMORANDUM OPINION AND ORDER

SCHELL, Chief Judge.

This matter is before the court on Plaintiff's Motion for Entry of Judgment filed on May 5, 1997. Defendant filed a response in opposition on May 14, 1997. The court held a hearing on May 30, 1997. Upon consideration of the motion, response, arguments of counsel, and applicable law, the court is of the opinion that the damages should be calculated in the following manner.

### I. BACKGROUND

During the week of April 8, 1997, a jury trial was held on this matter. On April 10, 1997, the jury returned a unanimous verdict and found that neither Plaintiff nor Plaintiff's spouse, Mrs. Teate, made a material misrepresentation to Defendant in procuring a term rider life insurance policy for Mrs. Teate.

Plaintiff argues that the court should enter a final judgment in the amount of $86,724.63. The amount Plaintiff seeks is the sum total of the following elements: (1) $25,000, the face value of the insurance policy; (2) $24,923.53, the statutory penalty of 18 percent per annum compounded annually from the date of the claim; (3) $24,587.34, the attorney's fees in such a sum as to cause Plaintiff's share of the amount to equal the total of elements (1) and (2) after the contingency fee is subtracted; and (4) $12,213.76, pre-judgment interest on the face amount of the policy at the rate of 10 percent compounded annually. Plaintiff also seeks to recover $1,318.60 in costs of court, and the applicable post-judgment interest.

Defendant contends that the statutory penalty of 18 percent per annum is inapplicable because Plaintiff failed to request an interrogatory of the jury as to whether Plaintiff was given notice within the requisite period. Defendant also argues that the 18

percent per annum statutory penalty, if applicable, is simple interest and that the prejudgment interest rate given by Plaintiff is improper.

## II. DISCUSSION

### A. *Application of Art. 21.55, § 6*

■ Texas Insurance Code art. 21.55 provides:

> Except as otherwise provided, if an insurer delays payment of a claim following its receipt of all items, statements, and forms reasonably requested and required, as provided under Section 2 of this article, for a period exceeding the period specified in other applicable statutes or, in the absence of any other specified period, for more than 60 days, the insurer shall pay damages and other items as provided for in Section 6 of this article.

TEX. INS. CODE ANN. art. 21.55, § 3(f) (Vernon Supp.1997). Section 6 sets out the damages recoverable under article 21.55 and states that "[if] the insurer liable therefor is not in compliance with the requirements of . . . [art. 21.55], such insurer shall be liable to the pay . . . the beneficiary making a claim under the policy, in addition to the amount of the claim, 18 percent per annum of the amount of such claims as damages, together with reasonable attorney fees." *Id.* at § 6. "A wrongful rejection of a claim may be considered a delay in payment for purposes of the 60–day rule and statutory damages. More specifically, if an insurer fails to pay a claim, it runs the risk of incurring this 18 percent statutory fee and reasonable attorneys' fees." *Higginbotham v. State Farm Mut. Auto. Ins. Co.,* 103 F.3d 456, 461 (5th Cir.1997).

■ The jury found that neither Plaintiff nor Mrs. Teate made a material misrepresentation in procuring the policy. Consequently, Defendant wrongfully denied payment under the policy. Furthermore, it is undisputed that 60 days have elapsed since Defendant received the necessary paperwork. Consequently, the statutory damages set out in § 6 are applicable to this matter.

### B. *Statutory Penalty of 18 percent per annum*

■ Plaintiff argues that he is entitled to the statutory penalty of 18 percent per annum *compounded* annually from the date of the denial of the claim. Defendant argues that the statute does not provide for the statutory penalty to be compounded annually and that if the statutory penalty is applicable, the 18 percent should be applied to the face value of the policy as simple interest.

Section 6 provides for "18 percent per annum of the amount of such claim as damages, together with reasonable attorney fees." TEX. INS. CODE ANN. art. 21.55, § 6 (Vernon Supp.1997). Section 1 of article 21.55 defines "claim" as "a first party claim made . . . by a beneficiary named in the policy or contract that must be paid by the insurer directly to the . . . beneficiary." *Id.* at § 1(3). In this case, the amount of such claim is the face value of the policy which is $25,000. Consequently, the statutory penalty of 18 percent per annum is calculated using the $25,000 amount. As for whether the 18 percent per annum amount is compounded annually, the court must be guided by the language of the statute.

■ "If language in a statute is unambiguous, [the] . . . court must seek the intent of the legislature as found in the plain and common meaning of the words and terms used." *Sorokolit v. Rhodes,* 889 S.W.2d 239, 241 (Tex.1994) (citations omitted). The court "may not by implication enlarge the meaning of any word in the statute beyond its ordinary meaning; such implication is inappropriate when legislative intent may be gathered from a reasonable interpretation of the statute as it is written." *Id.* (citations omitted).

The plain language of § 6 provides for a statutory penalty of 18 percent per annum of the amount claimed for damages. There is no term in the statute that requires the 18 percent per annum amount to be compounded annually. *Cf.* TEX. REV. CIV. STAT. ANN. art. 5069–1.05, §§ 2, 3(a) (Vernon Supp.1997) (stating that post-judgment interest shall be compounded annually); TEX. REV. CIV. STAT. ANN. art. 5069–1.03 (allowing for interest "at the rate of six percent per annum," which the

Texas courts have interpreted as meaning simple interest, *see* cases cited *infra* part II.D.). The court cannot enlarge the meaning of the words in the statute and must interpret the statute using the common meaning of the words used. Though article 21.55 states that "[t]his article shall be liberally construed to promote its underlying purpose which is to obtain prompt payment of claims made pursuant to policies of insurance," TEX. INS. CODE ANN. art. 21.55, § 8 (Vernon Supp. 1997), the court is of the opinion that allowing the statutory interest to be compounded annually would be contrary to the plain meaning of the terms used in the statute. Consequently, the court must calculate the statutory damages by applying the 18 percent per annum rate as simple interest.

The court was informed by Plaintiff's counsel at today's hearing that Plaintiff mailed the proof of claim to Defendant on March 26, 1993. According to Defense counsel, Defendant gave notice on May 27, 1993, which was 60 days from receipt of the proof of claim, that it had rejected the claim. Under the 60 day rule of article 21.55, § 3(f), the 18% per annum penalty in § 6 began to accrue on May 27, 1993 until today's final judgment. This calculation results in the sum of $18,037.

### C. Attorneys' Fees Under Art. 21.55

■ As a part of statutory damages, § 6 provides that the beneficiary may recover reasonable attorney fees. TEX. INS. CODE ANN. art. 21.55, § 6 (Vernon Supp.1997). A Texas appellate court interpreting article 3.62 of the Texas Insurance Code that was repealed in 1991 and was the statutory predecessor to article 21.55 held that "[i]t is the province of the trial court to fix reasonable attorney's fees under the statute."[1] *Marineau v. General American Life Ins.*, 898 S.W.2d 397, 404 (Tex.App.–Fort Worth 1995, writ denied); *see also Higginbotham*, 103 F.3d at 461 (turning to interpretations of article 3.62 of the Texas Insurance Code to provide guidance in interpreting article 21.55). In setting the amount of attorney's

fees recoverable in a diversity matter, the court must "follow the state law fee-setting requirements." *Gulf Union Industries v. Formation Security, Inc.*, 842 F.2d 762, 767 (5th Cir.1988). At least one Texas Court of Appeals stated that the insured could recover attorney's fees pursuant to a contingency fee contract under article 21.55 in order to effectuate the purpose of the statute. *Mid–Century Ins. Co. v. Barclay*, 880 S.W.2d 807, 812 (Tex.App.–Austin 1994, writ denied).

■ The parties stipulated at today's hearing that a one-third contingent fee is a reasonable and permissible method of determining Plaintiff's attorney's fees under article 21.55, § 6. According to the Texas Court of Appeals in *Mid–Century*,

> when the plaintiff's fee arrangement is such that the attorney's fees are a percentage of the total recovery, in order to render a proper judgment the trial court must calculate the total amount of the recovery so that after the attorney's percentage is allocated to attorney's fees, the remaining sum equals the amount of the claim plus eighteen percent per annum. This reasoning applies equally to attorney's fees awarded under article 21.55.

*Mid–Century Ins. Co. of Texas*, 880 S.W.2d at 812–13 (citations omitted). Therefore, the amount of Plaintiff's reasonable attorney's fees is $21,518.50.

### D. Pre–Judgment Interest

■ To calculate the applicable prejudgment interest, the court must apply the relevant Texas law. *See Harris v. Mickel*, 15 F.3d 428, 429 (5th Cir.1994). In Texas, "[w]hen no specified rate of interest is agreed upon by the parties, interest at the rate of six percent per annum shall be allowed on all accounts and contracts ascertaining the sum payable, commencing on the thirtieth (30) day from and after the time when the sum is due and payable." TEX. REV. CIV. STAT. ANN. art. 5069–1.03 (Vernon 1987). This six percent per annum is simple

---

1. Article 3.62 provides in relevant part that the holder of the policy could recover "twelve (12%) per cent damages on the amount of such loss together with reasonable attorney fees for the prosecution and collection of such loss." *Mari-*

*neau*, 898 S.W.2d at 404 (quoting Act of June 7, 1951, 52nd Leg., R.S., ch. 491, § 3.62, 1951 Tex. Gen. Laws 868, 920, *repealed by* Acts 1991, 72nd Leg., ch. 242, § 12.01(2), Eff. Sept. 1, 1991).

interest. *Gorman v. Life Ins. Co. of North America,* 859 S.W.2d 382, 390 (Tex.App.–Houston [1st Dist.] 1993, writ dism'd w.o.j.); *Allied Chemical Co. v. DeHaven,* 824 S.W.2d 257, 267 (Tex.App.–Houston [14th Dist.] 1992, no writ); *Hartford Acc. & Indem. v. Pacific Employers Ins.,* 862 F.Supp. 160, 165 (S.D.Tex.1994). In a life insurance context, the date of the insured's death triggers the commencement of the 30 days from which the pre-judgment interest is calculated and accrues until final judgment. *Marineau v. General American Life Ins.,* 898 S.W.2d 397, 405 (Tex.App.–Fort Worth 1995, writ denied).

■ The life insurance policy here is a contract for a definite sum of $25,000. Consequently, article 5069–1.03 is applicable unless the policy itself specifies a particular interest rate. Adding the requisite thirty days under article 5069–1.03 to the March 8, 1993 date of death, the pre-judgment interest is calculated at the rate of 6 percent per annum simple interest from April 7, 1993 until final judgment is entered in this matter. Counsel for both sides have agreed that pre-judgment interest does not apply to the attorney fees portion of the judgment amount, and the court is of the opinion that pre-judgment interest does not apply to the 18 percent per annum statutory penalty. *See Marineau,* 898 S.W.2d at 405–06.

### III. CONCLUSION

Therefore, the court ORDERS that Final Judgment be ENTERED in the amount of $72091.91. This amount is the sum total of (1) the face value of the term rider, $25,000; (2) the 18 percent per annum statutory penalty, $18,037; (3) the reasonable attorney's fees, $21,518.50; (4) the pre-judgment interest, $6,217.81; and (5) the undisputed costs of court, $1,318.60. Furthermore, pursuant to 28 U.S.C. § 1961, the court ORDERS that Defendant be liable for post-judgment interest at the rate of 5.88 %.