CITY OF SAN ANTONIO and Mayor
Bill Thornton, in his official
capacity only, Appellants,

v.

Kevin SCOTT, Appellee.

No. 04–99–00025–CV.

Court of Appeals of Texas,
San Antonio.

Dec. 22, 1999.

Rehearing Overruled Jan. 20, 2000.

Bruce Robertson, Jr., Law Offices of Bruce Robertson, Jr., San Antonio, for appellants.

Martha P. Owen, Wiseman, Durst, Tuddenham & Owen, P.C., Austin, for appellee.

Sitting: PHIL HARDBERGER, Chief Justice, ALMA L. LÓPEZ, Justice and KAREN ANGELINI, Justice.

## OPINION

Opinion by: PHIL HARDBERGER, Chief Justice.

Mayor Bill Thornton, in his Official Capacity only, and the City of San Antonio ("City") appeal a judgment rendered in favor of Kevin Scott ("Scott"), ordering the City to promote Scott to the rank of captain in the San Antonio Fire Department and awarding Scott back pay, lost benefits, reasonable attorneys' fees and costs. In three points of error, the City asserts two issues: (1) the trial court erred in concluding that the City was bound by section 143.014 of the Local Government Code; and (2) the trial court erred in concluding that the collective bargaining agreement was ambiguous and in finding that the fire chief was required to make appointments to vacancies in assistant fire chief positions

within ninety days. We affirm the trial court's judgment.

### FACTUAL AND PROCEDURAL HISTORY

On March 1, 1994, Scott took the promotional exam for captain and was ranked twenty-first on the eligibility list as a result of his test score. The eligibility list expired on February 28, 1995. Before the expiration date, twenty vacancies occurred in captain positions, leaving Scott first on the eligibility list.

In July of 1994, an assistant fire chief retired. At that time, the vacancy in the assistant fire chief position could only be filled by a deputy chief or captain. The assistant fire chief vacancy was not filled until May 20, 1995, after the March 1, 1994, eligibility list expired.

Scott subsequently sued the City, alleging that the City violated the terms of the Civil Service Act which requires vacancies in the position of assistant fire chief to be filled within ninety days. If the ninety day requirement had been met, the appointment to the assistant fire chief vacancy would have been made by October 27, 1994, and a vacancy in a captain's position would have been created that Scott would have received.

Scott moved for summary judgment, arguing that the Civil Service Act controls over the terms of the collective bargaining agreement. Summary judgment was granted in Scott's favor, and the City appealed to this court. We reversed the summary judgment, holding: (1) Scott failed to prove that the San Antonio City Council approved the statutory appointment procedure that included the ninety day requirement by resolution or ordinance; and (2) a genuine issue of material fact was raised regarding whether the collective bargaining agreement provision which permitted the fire chief to appoint assistant fire chiefs "at his sole discretion" prevented the imposition of a time limit on that appointment power.[1]

1. *City of San Antonio v. Scott*, No. 04 96 00955 CV, 1998 WL 82690 (Tex.App.—San Antonio, Feb. 27, 1998, no pet.).

At the trial on remand, several of the union negotiators testified regarding the negotiations that led to the signing of the collective bargaining agreement. At the beginning of the negotiation process, the parties entered into ground rules that required all proposals by either party to be in writing. Scott introduced into evidence several of those written proposals that reflected the City's demand that the fire chief be permitted to appoint assistant fire chiefs. No mention is made of any ninety day limitation. The union negotiators, who testified on Scott's behalf, stated that the ninety day provision was never discussed. One witness testified that the union would not bargain for something they already had under the Civil Service Act. The City's negotiators, however, testified that they recalled discussions where the union negotiators stated that if the fire chief wanted to leave the assistant fire chief position vacant indefinitely, the union did not care. Although the City could not produce anything in writing that referred to negotiations regarding the ninety day provision, one of the negotiators testified that his notes had been turned over to a federal grand jury who refused to release them for purposes of this litigation.

After hearing the evidence, the trial court entered judgment in favor of Scott. In the judgment, the trial court declares that the provisions of section 143.014 of the local government code are applicable to the City of San Antonio Fire Department through the San Antonio City Council's approval of Ordinance Nos. 69712 and 64491. The trial court also entered numerous findings of fact and conclusions of law. The City timely filed this appeal.

## STANDARD OF REVIEW

A trial court's findings of fact are reviewable for legal and factual sufficiency of the evidence to support them by the same standards that are applied in reviewing the sufficiency of the evidence supporting jury findings. *See Catalina v. Blasdel,* 881 S.W.2d 295, 297 (Tex.1994). To determine whether there is legally sufficient evidence, all the record evidence and inferences must be viewed in a light most favorable to the findings. *Formosa Plastics Corp. USA v. Presidio Engineers & Contractors, Inc.,* 960 S.W.2d 41, 48 (Tex. 1998). Anything more than a scintilla of evidence is legally sufficient to support the findings. *Id.* In reviewing factual sufficiency issues, the reviewing court considers all of the evidence to determine whether the findings are so against the great weight and preponderance of the evidence as to be manifestly unjust. *Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986). Conclusions of law are reviewed de novo as legal questions. *See Hitzelberger v. Samedan Oil Corp.,* 948 S.W.2d 497, 503 (Tex.App.— Waco 1997, writ denied).

## NINETY DAY REQUIREMENT

The parties stipulated that the City's Fire Department has been governed by the provisions of the Firefighters and Police Officers' Civil Service Act (contained in chapter 143 of the Local Government Code) since the 1950's. Section 143.014(b) of the Civil Service Act states:

> If approved by the governing body of the municipality by resolution or ordinance, the head of a fire or police department in the municipality in which at least four classifications exist below the classification of department head may appoint each person occupying an authorized position in the classification immediately below that of department head, as prescribed by this section.

TEX. LOCAL GOV'T CODE ANN. § 143.014(b) (Vernon 1999). This appointment procedure replaces the general method for making promotional appointments through the development of eligibility lists based on promotional examinations. *See* TEX. LOCAL GOV'T CODE ANN. §§ 143.036, 143.108 (Vernon 1999). Section 143.014 restricts the persons who can be appointed by the de-

partment head by listing qualifications that the person must have. TEX. LOCAL GOV'T CODE ANN. § 143.014(e) (Vernon 1999). In addition, section 143.014 requires the department head to make an appointment within 90 days after a vacancy occurs in a position. TEX. LOCAL GOV'T CODE ANN. § 143.014(f) (Vernon 1999).

The parties also stipulated that since 1974, the Fire Department has been governed by the provisions of the Fire and Police Employee Relations Act contained in chapter 174 of the Local Government Code. TEX. LOCAL GOV'T CODE ANN. §§ 174.001 et seq. (Vernon 1999). Section 174.006 of the Employee Relations Act provides that the Civil Service Act prevails over a collective bargaining contract unless the collective bargaining contract specifically provides otherwise. TEX. LOCAL GOV'T CODE ANN. § 174.006(a) (Vernon 1999).

In its first and third points of error, the City challenges the trial court's findings of fact and conclusions of law relating to the trial court's declaration that the appointment procedure contained in section 143.014 was binding on the City. The City asserts that in order for the appointment procedure contained in section 143.014 to have been approved, the City Council was required to adopt the appointment procedure envisioned by the statute. The City notes the appointment procedure contained in the collective bargaining contract varies from the statutory appointment procedure in three ways: (1) the collective bargaining contract permits appointment to positions two ranks below the fire chief, rather than just one rank as restricted by the statute; (2) the collective bargaining contract requires that the person to be appointed be a member of the Fire Department and occupy a rank of either Assistant Chief, District Chief, or Captain, while the statute requires that the person appointed meet the requirements for appointment as head of the fire department; and (3) the collective bargaining contract permits the appointments to be made at the sole discretion of the fire chief; no

similar discretionary provision is contained in the statute. Since the appointment procedure contained in the collective bargaining contract is not consistent with the statutory provisions, the City contends that the approval of the collective bargaining contract was not an approval of section 143.014; therefore, the ninety day requirement is not applicable.

Scott counters that section 143.014(b) does not require that the precise appointment procedure outlined in the statute be adopted in all respects. Scott asserts that section 143.014 applies if the City Council adopts some type of appointment scheme. When the City Council approved the collective bargaining contracts that contained an appointment procedure, it necessarily approved section 143.014. Scott asserts that the Civil Service Act provides the backdrop for the collective bargaining. Since no discussion was had regarding the ninety day requirement, and since the ninety day requirement was not inconsistent with any provision in the collective bargaining agreement, it was applicable.

The trial court made specific findings of fact and conclusions of law with regard to this issue. The trial court found that the collective bargaining agreements, which were approved by City Council ordinances, approved an appointment procedure. The 1988 agreement contained a procedure which permitted the fire chief to appoint individuals to the two ranks immediately below his own, rather than requiring individuals to achieve these ranks through the regular civil service promotional route procedures. In 1991, the rank of deputy chief was abolished, and the rank of assistant chief became the rank below that of the fire chief. The trial court found that the City was obligated to abide by the ninety day requirement in appointing persons to the rank of assistant chief. The trial court noted that, in some instances, the collective bargaining agreement provides for something contrary to or different from the statutory provisions; however, the collective bargaining agreement contains no

reference as to how long the fire chief has to make an appointment. During the negotiations, the parties were aware of the ninety day requirement, and the trial court found that the City never indicated that they wanted to have this requirement waived. The trial court further found that the inclusion of the phrase "in his sole discretion" was not intended to supplant the ninety day requirement. Based on these findings, the trial court concluded that the City Council approved an appointment scheme in accordance with section 143.014(b), and the fire chief was required to make the appointments within the ninety day period provided in section 143.014(f).

The Civil Service Act provided the basis for the collective bargaining between the City and the union. TEX. LOCAL GOV'T CODE ANN. § 174.006(a) (Vernon 1999). Nevertheless, the collective bargaining agreement can vary *any* provision in the Civil Service Act. *Id.* Although section 143.014 is limited in its application to appointments to the "classification immediately below" the department head, the collective bargaining agreement expanded this appointment procedure to two classifications below the department head by specifically providing for the appointment of both deputy chiefs and assistant chiefs. The extension of the collective bargaining agreement to the second-tier position (assistant chief) was permissible under section 174.006, as was the variance in the other provisions that would have been applicable under the section 143.014 appointment scheme if the collective bargaining agreement had not specifically provided otherwise.

By its approval of the collective bargaining agreement, the City Council approved an appointment procedure that permitted the fire chief to appoint persons "to the classification immediately below" the position of fire chief. At that time, the position was the deputy chief position; however, when the deputy chief position was eliminated, the "classification immediately below" the fire chief was the assistant chief. Since the City Council had already approved the appointment procedure to the "classification immediately below" the fire chief, the section 143.014 appointment procedure became applicable to assistant chiefs upon the elimination of the deputy chief position. The statutory restrictions contained in section 143.014, therefore, became applicable to the appointment of assistant chiefs to the extent the terms of the collective bargaining agreement did not specifically provide otherwise.

In this case, the collective bargaining agreement provided:

> As vacancies occur in the rank of Assistant Chief, the Chief shall have the right to appoint to the position in accordance with this Section. Appointments to the rank of Assistant or Deputy Chief shall be by the Chief at his sole discretion, provided that the employee promoted is a classified, sworn member of the San Antonio Fire Department and occupies a rank of either Assistant Chief, District Chief, or Captain.

Reading the phrase "at his sole discretion" in context, we believe it unambiguously gives the Chief discretion over *who* to appoint, subject to the proviso immediately following, not *when* to appoint. The collective bargaining agreement as to when to appoint is silent; therefore, the Civil Service Act's ninety day requirement prevails because the collective bargaining agreement did not specifically provide otherwise.[2] TEX. LOCAL GOV'T CODE ANN. § 174.006(a) (Vernon 1999).

**2.** During oral argument, the City placed much emphasis on the following language in the collective bargaining agreement: "Except for the positions of Assistant or Deputy Chief, nothing in this Article shall be construed to require the City to create the rank or establish and fill the maximum number of positions authorized herein." This sentence must be read in the context of the rest of the paragraph which provided: "Further, nothing in this Article shall be construed to limit any existing right of the City to create ranks and

### AMBIGUOUS

The City's second issue challenges the trial court's alternative finding that the contract is ambiguous and that the evidence demonstrates that the parties never agreed that the fire chief would not have to abide by the 90 day appointment deadline.

 When the interpretation of a contract is in issue, the trial court must first determine whether the provisions in question are ambiguous. *Coker v. Coker,* 650 S.W.2d 391, 394 (Tex.1983). The question of whether a contract is ambiguous is a question of law for the trial court's determination. *Id.* A contract is ambiguous if it is reasonably susceptible to more than one meaning. *Id.* at 393.

In this case, the parties are not contending that the terms of the collective bargaining agreement are ambiguous. They simply disagree over its construction and interpretation. A disagreement over the meaning of a contract provision does not render the provision ambiguous. *First City Nat'l Bank of Midland v. Concord Oil Co.,* 808 S.W.2d 133, 136 (Tex.App.—El Paso 1991, no writ).

Although we agree with the City that the trial court erred in finding the contract ambiguous, the trial court's error in making this alternative finding does not affect the judgment, because the trial court correctly applied the statute to the contract as written before making the alternative finding.

### CONCLUSION

By approving the collective bargaining agreement, the San Antonio City Council approved an appointment procedure that permitted the Chief to make appointments to "the classification immediately below" the Chief. When the Deputy

Chief position was eliminated, the "classification immediately below" Chief, to which the section 143.014 requirements became applicable, was Assistant Chief. Because the collective bargaining agreement was silent, the Civil Service Act's requirement that such appointments be made within ninety days prevailed. The trial court's judgment is affirmed.

---

establish positions in accordance with State law and the City Charter." In context, we believe that the sentence is unambiguously referring to the "creation" or to the "establishing and filling" of new positions so as to "create" or "establish and fill" the maximum number of authorized ranks or positions. Thus, this provision does not pertain to appointments to existing ranks or positions.