**Mary Claire CATER, Appellant,**

v.

**UNITED SERVICES AUTOMOBILE ASSOCIATION, Appellee.**

No. 04–99–00664–CV.

Court of Appeals of Texas, San Antonio.

June 28, 2000.

Robert W. Loree, Law Office of Robert W. Loree, San Antonio, for appellant.

Barry A. Chasnoff, John F. Gillard, Jo Beth Eubanks, Pamela G. Matthews, Akin, Gump, Strauss, Hauer & Feld, L.L.P., San Antonio, for appellee.

Sitting: CATHERINE STONE, Justice, SARAH B. DUNCAN, Justice, KAREN ANGELINI, Justice.

## OPINION

Opinion by: KAREN ANGELINI, Justice.

Mary Claire Cater appeals the trial court's denial of her claim for statutory damages and attorney's fees under Article 21.55 of the Texas Insurance Code. She asserts that United Services Automobile Association failed to pay her foundation claim inside the statutorily mandated time period, rendering it liable for the damages and fees. We agree and reverse the trial court's judgment, rendering the judgement in favor of Ms. Cater.

### Factual & Procedural Background

In 1993, Mary Claire Cater filed a claim with United Services Automobile Association ("USAA") for damage to her foundation, which she believed was caused by a plumbing leak. USAA denied her claim based on its conclusion that the damage to her foundation was not caused by a plumbing leak. Cater subsequently sued USAA under multiple common law and statutory theories, including breach of contract and violation of Texas Insurance Code, Article 21.55. In January, 1999, the parties mediated the claim and reached a settlement. The settlement agreement required USAA to pay Cater $40,000 in contract damages and required Cater to dismiss all other claims and demands she had against USAA. The agreement, however, explicitly excluded Cater's claim for additional damages and attorney fees under article 21.55

section 3(f) from the dismissal requirement. Instead, the parties agreed to submit to a bench trial for a determination on her remaining issue.

On April 20, 1999, Judge Andy Mireles heard Cater's claim, ruled in USAA's favor, and filed findings of fact and conclusions of law to substantiate his ruling. It is from this ruling that Cater appeals. She asserts the trial court erred in granting judgment for USAA because USAA delayed payment to her in violation of article 21.55. She claims this violation entitles her to recover an additional 18% of the contract claim plus reasonable attorney fees.

### Texas Insurance Code Article 21.55

Article 21.55 of the Texas Insurance Code provides time deadlines that insurers must follow when responding to a claim. TEX. INS.CODE ANN. art. 21.55 (Vernon Supp. 2000). These deadlines are tied to the insurer's receipt of notice of a claim. The statute sets out when an insurer should act in dealing with a claim and guides an insurer's conclusion regarding a submitted claim. *See id.* §§ 2, 3.

The statute also deals with when an insurer should pay a claim and what happens should the insurer delay making that payment. Subsection 4 requires an insurer to pay the claim within five business days after the insurer has notified the insured that it has accepted the claim. *See id.* § 4. If, however, an insurer delays payment for more than 60 days from the date it received all the information reasonably requested and required, the insurer must pay the claim, 18% per annum of the amount of that claim as damages, and reasonable attorney fees. *See id.* § 6. It is this damages provision under which the dispute in this case arises. According to Cater, if an insurer delays payment beyond sixty days, then the insurer is liable for damages and attorney fees. USAA, on the other hand, asserts that section 6 applies only in cases where the insurer has

not complied with the other deadlines in the statute. In other words, under USAA's interpretation of the statute, an insurer is not subject to the 18% penalty and attorney fees so long as the delayed payment is due, in fact, to a good faith denial of the claim.

## Statutory Interpretation

■ Statutory interpretation presents a question of law. *See Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998); *Mitchell Energy Corp. v. Ashworth*, 943 S.W.2d 436, 437 (Tex.1997); *Bandera Indep. School Dist. v. Hamilton*, 2 S.W.3d 367, 369 (Tex.App.—San Antonio 1999, pet. denied). Trial courts have no discretion when evaluating a question of law. *See Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992); *In re Lambert*, 993 S.W.2d 123, 127 (Tex.App.—San Antonio 1999, no pet.). Accordingly, we give no particular deference to the trial court's findings. *Hamilton*, 2 S.W.3d at 369. Instead, we independently review and evaluate the statute to determine its meaning.

■ A fundamental rule of statutory construction is that a court should first ascertain the legislature's intent in enacting the statute as expressed in its plain language. *See Schorp v. Baptist Mem'l Health Sys.*, 5 S.W.3d 727, 734 (Tex.App.—San Antonio 1999, no pet. h)(citing *St. Luke's Episcopal Hosp. v. Agbor*, 952 S.W.2d 503, 505 (Tex.1997)). However, where an application of a statute's plain language leads to absurd results, we will not enforce the statute under a literal interpretation. *See City of Amarillo v. Martin*, 971 S.W.2d 426, 428 n. 1 (Tex. 1998).

## Discussion

The plain language of article 21.55 states that if an insurer delays payment of a claim sixty days after it has received all the information reasonably necessary to determine coverage, then the insured is entitled to recover damages as provided for in the statute. Although very few

courts have interpreted article 21.55, particularly section 3(f), the United States Court of Appeals for the Fifth Circuit found that a wrongful denial of a claim constitutes a delay under article 21.55, section 3(g), subjecting the insurer to its damages provisions. *See Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456 (5th Cir.1997). In *Higginbotham*, the insured, John Higginbotham, owned a car, which he had insured through State Farm. *Id.* at 458. The car was stolen, and later recovered. *Id.* Higginbotham filed a claim to collect proceeds under his policy. However, State Farm rejected the claim after determining the loss was not accidental and therefore not covered under his policy. State Farm informed Higginbotham of this decision nearly five months after he made his initial claim. *Id.*

Higginbotham filed suit, alleging multiple theories of recovery, including that State Farm had breached its contract with him and violated article 21.55 of the Insurance Code. *Id.* Higginbotham requested the 18 percent penalty provided for by the statute. *Id.* The district court bifurcated the issues and the contract dispute went to trial. *Id.* The jury returned a verdict in Higginbotham's favor and awarded him $30,000 in contract damages. *Id.*

Higginbotham claimed he should be awarded fees, including 18 percent statutory damages under article 21.55, on his breach of contract claim. *Id.* The court ordered State Farm to pay Higginbotham the 18 percent statutory damages, but then later retracted that order. *Id.* Higginbotham appealed that retraction. *Id.*

On appeal, Higginbotham claimed that the trial judge erred in awarding and then retracting the 18 percent statutory fee. The Fifth Circuit agreed with Higginbotham's claim stating,

A wrongful rejection of a claim may be considered a delay in payment for purposes of the 60–day rule and statutory damages. More specifically, if an insur-

er fails to pay a claim, it runs the risk of incurring this 18 percent statutory fee and reasonable attorneys' fees. In sum, State Farm took a risk when it chose to reject Higginbotham's claim. State Farm lost when it was found liable for breach of contract. Therefore, it must pay this 18 percent per annum interest and reasonable attorneys' fees.

*Id.* at 461. The Fifth Circuit reached this conclusion by reviewing both the statute's plain language and 21.55's statutory predecessor, article 3.62 of the Texas Insurance Code. *Id.* The Fifth Circuit recognized that courts that interpreted article 3.62 consistently found that an insurance company's good faith defense did not relieve the insurer from liability for damages for late payment, as long as the insurer is finally found liable for the claim. *See, e.g., Gumpp v. Philadelphia Life Ins. Co.,* 562 S.W.2d 885, 889 (Tex.Civ.App.—San Antonio 1978, no writ); *Key Life Ins. Co. of South Carolina v. Davis,* 509 S.W.2d 403, 405 (Tex.Civ.App.—Beaumont 1974, no writ); *First Nat. Life Ins. Co. v. Vititow,* 323 S.W.2d 313, 316 (Tex.Civ.App.—Texarkana 1959, writ dism'd).

The Austin Court of Appeals recently addressed an issue similar to that in *Higginbotham* in *Oram v. State Farm Lloyds,* 977 S.W.2d 163 (Tex.App.—Austin 1998, no pet.). The Orams purchased a house in 1991. *Id.* at 165. In 1993, they discovered a sewage line leak and a crack in the house's foundation and filed a claim with State Farm. *Id.* State Farm denied the Oram's claim after determining that moisture changes and expanding tree roots caused the crack. *Id.* State Farm did offer to pay for the plumbing leak; however, the Orams refused the offer. *Id.* at 165–66. Instead they filed suit, asserting breach of contract and violations of Articles 21.21 and 21.55 of the Insurance Code. *Id.* at 166.The case was tried to a jury, which found that the plumbing leak caused 60% of the foundation damage. *Id.* State Farm filed a motion for judgment notwith-

standing the verdict and the trial court granted it. *Id.*

On appeal, the Orams made several claims, including that the trial court erred in failing to submit their requested jury question regarding article 21.55, section 3. *Id.* at 167. After discussing article 21.55, the Austin court agreed with the Fifth Circuit's analysis in *Higginbotham* and concluded that the Orams were entitled to the 18% statutory damages and attorney fees. *Id.*

■ We agree with the statutory interpretation adopted by the Fifth Circuit and Austin Court of Appeals in *Higginbotham* and *Oram.* Cater made a claim for damage to her foundation. USAA chose to reject her claim, which necessarily means it failed to pay the claim within sixty days of its receipt of all items necessary to its coverage determination. There is no good faith exception within the statute's plain language. Therefore, USAA violated 21.55 by denying Cater's claim, even if in good faith, and subjected itself to the damages set forth in section 6. USAA contends that the "[e]xcept otherwise provided" language of 21.55, section 3(f) means that if the insurer has complied with the other provisions of section 3, then subsection 3(f) does not apply. However, we find USAA's argument unpersuasive. USAA also contends that this interpretation would lead to an absurd result. Again, we disagree. Although this outcome is harsh, it is not absurd. We therefore find the trial court erred in denying Cater's request for damages and attorney fees under Texas Insurance Code, Article 21.55.

### Calculation of the Statutory Damages

■ The parties in this case dispute the way damages should be calculated. Cater asserts that the 18% in damages should be compounded annually. USAA, however, argues that the damages should be subject to simple interest. The damages provision of article 21.55 provides as follows:

In all cases where a claim is made pursuant to a policy of insurance, and the insurer liable therefor is not in compliance with the requirements of this article, such insurer shall be liable to pay the holder of the policy ..., in addition to the amount of the claim, 18 percent per annum of the amount of such claim as damages, together with reasonable attorney fees ...

TEX. INS.CODE ANN. art. 21.55 § 6 (Vernon Supp.2000).

The plain language of section 6 is clear. The damages should be in the amount of 18 percent per annum of the amount of the damages, plus attorneys fees. Nothing in the statute requires that it should be compounded annually. Because courts are prohibited from "enlarg[ing] the meaning of any word in [a] statute beyond its ordinary meaning," it would be impermissible for us to conclude that the damages provision of 21.55 contemplated compounding annually the damages. *See Monsanto Co. v. Cornerstones Mun. Util. Dist.*, 865 S.W.2d 937, 939 (Tex.1993).

The United States District Court for the Eastern District of Texas reached the same conclusion in *Teate v. Mutual Life Ins. Co. of New York*, 965 F.Supp. 891 (E.D.Texas 1997). The court based its decision in part on the fact that other Texas statutes specifically state when the damages should be compounded annually. *See id.* at 893–94. Specifically, the court cited to Texas Revised Civil Statute Annotated article 5069–1.05, §§ 2, 3(a), which provides that post-judgment interest shall be compounded annually. The court also relied on Texas Revised Civil Statute Annotated article 5069–1.03, which allows for interest at the rate of six percent per annum, and which Texas courts have interpreted as meaning simple interest. *See id.* (citing *Gorman v. Life Ins. Co. of North America*, 859 S.W.2d 382, 390 (Tex.App.— Houston [1st Dist.] 1993, no writ ); *Allied Chemical Co. v. DeHaven*, 824 S.W.2d 257, 267 (Tex.App.—Houston [14th Dist.] 1992, no writ); *Hartford Acc. & Indem. Co. v. Pacific Employers Ins. Co.*, 862 F.Supp. 160, 165 (S.D.Tex.1994)).

Cater and USAA agree that the accrual date used for calculating the statutory damages is April 20, 1994, the date upon which USAA rejected Cater's claim. Cater asserts that the damages should continue to accrue through the date a final judgment is rendered. However, she fails to take into account that the claim was paid on January 29, 1999. Article 21.55 requires that upon violation of the 60–day payment rule, the insurer must pay the insured the claim, plus "18% per annum of the amount of such claim as damages," and attorney fees. TEX. INS.CODE ANN. art. 21.55 § 6 (Vernon Supp.2000). Therefore, Cater is entitled to 18% of the $40,000 as damages, that accrued during the time between April 20, 1994, and January 29, 1999. We therefore reverse the trial court's judgment and render judgement that Cater recover from USAA $32,402.19 in damages and $46,000 in attorney fees, as found by the trial court.

### Conclusion

The trial court erred in refusing to grant Cater the statutory damages and attorney fees. We therefore, reverse the trial court's judgment and render judgment that Cater recover from USAA $34,402.19 in damages and $46,000.000 in attorney fees.