**CITY OF SAN ANTONIO and Mayor Howard Peak, in his official capacity, Appellants,**

v.

**James BAER, et al., Appellees.**

No. 04–00–00855–CV.

Court of Appeals of Texas, San Antonio.

July 5, 2001.

Rehearing Overruled Aug. 23, 2001.

Lowell F. Denton, George E. Hyde, Denton, Navarro & Bernal, P.C., San Antonio, Regina Bacon Criswell, Helotes, for appellants.

Martha P. Owen, Philip Durst, Wiseman, Durst & Owen, P.C., Austin, for appellees.

Sitting: PHIL HARDBERGER, Chief Justice, CATHERINE STONE, Justice, and PAUL W. GREEN, Justice.

Opinion by: PHIL HARDBERGER, Chief Justice.

The City of San Antonio and Mayor Howard Peak, in his official capacity, (collectively the "City") appeal the trial court's judgment awarding a class of plaintiffs (the "Firefighters") damages and declaratory relief. The declaratory relief was granted through a partial summary judgment, stating that the Firefighters were entitled to a lump-sum payment for accumulated sick leave based on the full amount of their salary, not simply their base salary. The City contends that the trial court erred by: (1) denying the City's motion for summary judgment; (2) granting the Firefighters' motion for partial summary judgment; and (3) overruling the

City's objections to the Firefighters' summary judgment evidence.[2] We overrule the City's contentions and affirm the trial court's judgment.

## Procedural History

The Firefighters brought a class action lawsuit seeking damages and declaratory relief. The lawsuit alleged that the City had incorrectly calculated the Firefighters' payment for accumulated sick leave when they left service. The Firefighters asserted that the lump-sum payment should have been based on their full salary, including incentive pay. Incentive pay is pay for various certifications, educational incentives, and incentives for specific assignments. The City calculated the Firefighters' lump-sum payment based on their base salary, plus longevity pay.

The City moved for summary judgment, asserting that the Civil Service Act did not require that incentive pay be included in the calculation of the lump-sum payment. Alternatively, the City asserted that the Maintenance of Standards Provision in the collective bargaining agreement permitted the City to continue its traditional method of calculating the lump-sum payment because the calculation was a standard that was protected under the terms of the agreement. The Firefighters opposed the City's motion and filed their own motion for partial summary judgment, seeking a declaration that the Civil Service Act required incentive pay to be included in the lump-sum payment calculation.

On January 12, 2000, the Honorable David Berchelmann, Jr. denied the City's motion and granted the Firefighters' partial motion for summary judgment. On February 17, 2000, the Firefighters filed an amended motion for class certification. On February 22, 2000, the City filed a second motion for summary judgment containing the same argument raised in its first motion. On April 26, 2000, the trial court entered an order certifying the class of Firefighters, and on May 9, 2000, the Honorable Carol Haberman entered a second order denying the City's motions for summary judgment and granting the Firefighters' partial motion for summary judgment. The order contains declaratory relief, stating that the lump-sum payment was to be calculated based on the full amount of the Firefighters' salary. On October 27, 2000, the Honorable Janet Littlejohn signed a final judgment, incorporating the declaratory relief previously granted and awarding damages, injunctive relief, and attorneys' fees. The City timely filed this appeal.

## Standard of Review

On appeal, the movant for summary judgment bears the burden of showing that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *Havlen v. McDougall*, 22 S.W.3d 343, 345 (Tex.2000). When the parties file competing motions for summary judgment, and one is granted and the other denied, the reviewing court must review the summary judgment evidence presented by both sides and determine all questions presented. *Commissioners Court of Titus County v. Agan*, 940 S.W.2d 77, 81 (Tex.1997).

"In general, matters of statutory construction are questions of law for the court to decide rather than issues of fact." *Havlen*, 22 S.W.3d at 345; *Cater v. United Services Automobile Ass'n*, 27 S.W.3d 81,

---

**2.** Because we decide this appeal based on statutory construction, without considering the Firefighters' summary judgment evidence, we do not reach the City's issue regarding the

City's objections to that evidence. *See* Tex. R.App. P. 47.1 (opinion should address only issues necessary to final disposition of appeal).

83 (Tex.App.—San Antonio 2000, pet. denied). Accordingly, we independently review and evaluate the statute to determine its meaning. *Cater,* 27 S.W.3d at 83. "A fundamental rule of statutory construction is that a court should first ascertain the legislature's intent in enacting the statute as expressed in its plain language." *Id.*

### DISCUSSION

Section 143.045(c) of the Civil Service Act ("Act") states:

> Except as otherwise provided by Section 143.116, a fire fighter or police officer who leaves the classified service for any reason is entitled to receive in a lump-sum payment the full amount of the person's salary for accumulated sick leave if the person has accumulated not more than 90 days of sick leave. If a fire fighter or police officer has accumulated more than 90 working days of sick leave, the person's employer may limit payment to the amount that the person would have received if the person had been allowed to use 90 days of accumulated sick leave during the last six months of employment. The lump-sum payment is computed by compensating the fire fighter or police officer for the accumulated time at the highest permanent pay classification for which the person was eligible during the last six months of employment. The fire fighter or police officer is paid for the same period for which the person would have been paid if the person had taken the sick leave but does not include additional holidays and any sick leave or vacation time that the person might have accrued during the 90 days.

TEX. LOC. GOV'T CODE ANN. § 143.045(c) (Vernon 1999).

Section 143.041 of the Act, entitled "Salary," lists two types of pay. Section 143.041(b) provides that all fire fighters in the same classification are entitled to the same base salary. TEX. LOC. GOV'T CODE ANN. § 143.041(b) (Vernon 1999). Section 143.041(c) provides that in addition to base salary, a fire fighter is also entitled to receive each of the following types of pay, if applicable: (1) longevity or seniority pay; (2) educational incentive pay; (3) assignment pay; (4) certification pay; and (5) shift differential pay. TEX. LOC. GOV'T CODE ANN. § 143.041(c) (Vernon 1999).

■ The City argues that the sentence in section 143.045(c) restricting the computation of the lump-sum payment to the "highest permanent pay classification" means that the calculation is to be made based solely on base salary because only the base salary is tied to an employee's "classification." The Firefighters counter that the statute entitles a firefighter to receive "the full amount of the person's salary." The Firefighters explain that this provision requires the computation to be made based on what the employee would have received if the sick leave had actually been taken. If the employee had taken the sick leave, his pay would be computed based on his base salary and incentive pay.

■ The attorney general has interpreted the phrase "full amount of a person's salary" as used in section 143.045(c). *See* Op. Tex. Att'y Gen. No. LO–90–72 (1990). Although attorney general's opinions are not controlling on the courts, they are persuasive. *Commissioners Court of Titus County v. Agan,* 940 S.W.2d at 82. The attorney general's opinion notes that subsection 143.045(c) "makes clear that the lump-sum payment must be equivalent to the pay the individual would have received 'if the person had taken the sick leave.'" Op. Tex. Att'y Gen. No. LO–90–72 (1990). The opinion further asserts, "If the individual would have received all those additional payments listed in subsection 143.041(c) if he had actually taken off for

sick leave, he must be compensated for them when he leaves the classified service pursuant to subsection 143.045(c) and receives a lump-sum payment." *Id.* The opinion concludes, "a city may not meet its obligation under subsection 143.045(c) by providing a firefighter with a lump-sum payment which represents the person's base salary only." *Id.*

We agree with the Firefighters because their construction gives effect to the entire statute. TEX. GOV'T CODE ANN. § 311.021(2) (Vernon 1998). Based on the statutory requirement that fire fighters be paid the "full amount of the person's salary for accumulated sick leave," the computation should include incentive pay. The second sentence of section 143.045(c), explaining the 90-day limitation on pay, states the person is entitled to payment in "the amount that the person would have received if the person had been allowed to use 90 days of accumulated sick leave during the last six months of employment." TEX. LOC. GOV'T CODE ANN. § 143.045(c) (Vernon 1999). Because the Firefighters would have received the incentive pay if they had been allowed to use the sick leave, they should receive the incentive pay in the lump-sum payment if we are to give effect to the second sentence in section 143.045(c). The third sentence referencing the "highest permanent pay classification" is given effect when it is used to define the pay period that the City should look to in determining the amount to be used in computing the lump-sum payment. The City must look to the highest pay the fire fighter was eligible to receive during the last six months of employment. The final sentence clarifies that the fire fighter is not to receive double pay. Therefore, giving effect to each sentence in section 143.045(c), a fire fighter is entitled to receive the full amount of the salary he would have received if he had taken his accumulated sick leave at his highest pay level during the last six months of his employment.

■ While the Code Construction Act provides that the heading of a section does not "limit or expand the meaning of the statute," TEX. GOV'T CODE ANN. § 311.024 (Vernon 1998), "a word or phrase used in different parts of a statute is presumed to have the same meaning throughout, and where the meaning in one instance is clear, this meaning will be attached in all other instances." *Southwest Properties, L.P. v. Lite–Dec of Tex., Inc.,* 989 S.W.2d 69, 71 (Tex.App.—San Antonio 1998, pet. denied). Construing the phrase "full amount of the person's salary" to include both types of pay listed in subsections 143.041(b) and 143.041(c) does not expand on the statutory meaning and is consistent with the legislature's use of the term "base salary" in other sections. The legislature clearly intended the term "salary" to mean something other than "base salary." This is evidenced by the legislature's specific reference to the term "base salary" when it intends to limit or modify the term salary to include only the pay referenced in section 143.041(b). *See* TEX. LOCAL GOV'T CODE ANN. § 143.068 (Vernon 1999).

■ Finally, in construing a statute, we presume that the legislature intended a "just and reasonable result." TEX. GOV'T CODE ANN. § 311.021(3) (Vernon 1998). "Absent a clear legislative directive, a statute should not be construed so as to produce an absurd or foolish result if it is reasonably susceptible of an alternative construction." *City of San Antonio v. Fourth Court of Appeals,* 820 S.W.2d 762, 768 (Tex.1991). Firefighters guard our lives and property. In doing so, they provide an essential service to the general public. The City would have us construe section 143.045(c) so that the Firefighters, who have dedicated themselves to their

profession in such a fashion as to accrue sick leave, would be penalized for not taking that leave by being paid less for that time when they leave service. In our view, such a construction would produce an absurd or foolish result given the alternative construction we have adopted. Surely, the legislature, in being "just and reasonable," intended to pay the Firefighters, who declined to take their sick leave because of their dedication to serving the general public, the same amount as is paid to fire fighters who elect to take their sick leave while in service.

In the alternative, the City argues that it is entitled to continue to compute the lump-sum payment in the manner in which it has traditionally calculated that payment because its method of calculation is a "standard." The collective bargaining agreement provides that all standards enjoyed by the fire fighters on the effective date of the agreement which are not included in the agreement shall remain unchanged for the duration of the agreement. The City contends that the "maintenance of standards" provision in the collective bargaining agreement prevails over section 143.045(c) with regard to the manner in which the lump-sum payment is to be calculated.

Section 174.006 of the Civil Service Act provides, "A state or local civil service provision prevails over a collective bargaining contract under this chapter unless the collective bargaining contract *specifically* provides otherwise." Tex. Loc. Gov't Code Ann. § 174.006 (Vernon 1999) (emphasis added). The maintenance of standards provision does not specifically provide for a different method of computing the lump-sum payment for accumulated sick leave. Because the collective bargaining agreement does not conflict with section 143.045(c), the Act prevails. *See City of San Antonio v. Scott,* 16 S.W.3d 372,

376 (Tex.App.—San Antonio 1999, pet. denied) (holding no conflict existed where collective bargaining agreement was silent regarding timing of appointments).

### CONCLUSION

The trial court's judgment is affirmed.