# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 13-41179

————

United States Court of Appeals
Fifth Circuit

**FILED**

February 25, 2015

Lyle W. Cayce
Clerk

TREMAGO, L.P.

      Plaintiff,

v.

EULER-HERMES AMERICAN CREDIT INDEMNITY COMPANY,

      Defendant - Appellee

v.

CONTINENTAL BUSINESS CREDIT, INCORPORATED,

      Defendant - Appellant

-----------------------------------------------------------------------------------------

CONTINENTAL BUSINESS CREDIT, INCORPORATED, a California Corporation,

      Plaintiff - Appellant

v.

EULER-HERMES AMERICAN CREDIT INDEMNITY COMPANY, a Maryland Corporation,

      Defendant - Appellee

-----------------------------------------------------------------------------------------

CONTINENTAL BUSINESS CREDIT, INCORPORATED,

      Plaintiff

No. 13-41179

v.

JULIE SCHATZ, et al,

        Defendants

--------------------------------------------------------------------------------------------

JENROB INVESTMENTS, L.P. et al

        Plaintiffs

v.

CONTINENTAL BUSINESS CREDIT, INCORPORATED,

        Defendant - Third Party Plaintiff - Appellant

v.

EULER-HERMES AMERICAN CREDIT INDEMNITY COMPANY,

        Defendant - Third Party Defendant - Appellee

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:10-CV-3

---

Before KING, DAVIS and OWEN, Circuit Judges.

PER CURIAM:*

     Appellant Continental Business Credit, Inc. ("Continental"), appeals the

district court's entry of summary judgment in favor of Appellee Euler-Hermes

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-41179

American Credit Indemnity Co. ("Euler-Hermes"). For the reasons described below, we AFFIRM the district court's judgment.

"We review a grant of summary judgment *de novo*, applying the same standard as the district court and viewing the evidence in the light most favorable to the non-moving party." *Am. Family Life Assurance Co. of Columbus v. Biles*, 714 F.3d 887, 895 (5th Cir. 2013). A district court may grant summary judgment for the movant if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine dispute as to a material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Rogers v. Bromac Title Servs., L.L.C.*, 755 F.3d 347, 350 (5th Cir. 2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Summary judgment may not be defeated "with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007) (internal quotation marks omitted).

First, as to Continental's Prompt Payment Act claim, we hold that the district court did not err when it ordered summary judgment for Euler-Hermes. In order to prevail on a Prompt Payment Act claim, the insured must show "(1) a claim under an insurance policy (2) for which the insurer is liable and (3) that the insurer has not followed one or more sections" of the Act. *Wellisch v. United Servs. Auto. Ass'n*, 75 S.W.3d 53, 57 n.2 (Tex. App.—San Antonio 2002, pet. denied) (citing *Allstate Ins. Co. v. Bonner*, 51 S.W.3d 289, 91 (Tex. 2001)). "[I]nsurance agencies are required to pay . . . [Prompt Payment Act] damages only after having first been found liable for the claim." *Amine v. Liberty Lloyds of Tex. Ins. Co.*, No. 01-06-00396-CV, 2007 WL 2264477, at *5 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (citing *Cater v. United Servs. Auto. Ass'n*, 27 S.W.3d 81, 84 (Tex. App.—San Antonio 2000, pet. denied), and

3

No. 13-41179

*Oram v. State Farm Lloyds*, 977 S.W.2d 163, 167 (Tex. App.—Austin 1998, no pet.)).

The settlement between Euler-Hermes and Continental did not contain an admission of liability under the Policy and both parties dispute whether the Policy covered the four claims at issue. Despite Continental's argument that Euler has "indicated that Continental's claim was owed," Euler has never conceded that the disputed claims were covered under the Policy. Continental cites *Cater*, 27 S.W.3d 81 (Tex. App.—San Antonio 2000), and argues that "Texas courts have specifically recognized a policyholder's right to seek statutory remedies . . . under the Prompt Payment Act, even after entering a partial settlement releasing its 'contract' claims." However, in *Cater* the parties entered into a settlement agreement that required the insurer to pay $40,000 in contract damages. *Id.* at 82. Here, there has been no such liability determination. Similarly, this court made clear that an insurer was liable under the Prompt Payment Act "when it was found liable for breach of contract." *Higginbotham v. State Farm Mutual Automobile Ins. Co.*, 103 F.3d 456, 461 (5th Cir. 1997). Since Euler has never been found liable for breach of contract, nor will it ever face such a liability determination because the breach of contract claim was settled, these cases are inapposite.[1] Summary judgment on Continental's Prompt Payment Act claim was appropriate.

Second, we hold that Euler-Hermes's motion for summary judgment and its accompanying memorandum put Continental on sufficient notice of the

---

[1] Although it is true that Euler-Hermes could have exposed itself to Prompt Payment Act liability without actually breaching its contract with Continental, *see Primo v. Great American Ins. Co.*, No. 14–13–00492–CV, 2014 WL 7237330, at *14, (Tex. App.—Houston [14th Dist.] Dec. 18, 2014, no pet. h.), it remains that "[a]n essential element" of a Prompt Payment Act claim "is that coverage existed for [Continental]'s claim[s]" under the Policy, *id.* at *4. Since the settlement between Euler-Hermes and Continental did not include a liability determination, Continental cannot maintain a Prompt Payment Act claim.

need to provide evidence establishing each of the elements of its extra-contractual claims.  Our review of the record indicates that Euler-Hermes's moving papers complied with its "initial responsibility [to] inform[] the district court of the basis for its motion." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  This court has reversed summary judgment where a moving party's memorandum failed to raise a point "in a manner that would be sufficient to put the [the non-moving party] on notice that failure to present evidence of [the elements of each of its claims] could be grounds for summary judgment." *John Deere Co. v. American Nat'l Bank, Stafford*, 809 F.2d 1190, 1191 (5th Cir. 1987).  However, that is not the case here.  Euler-Hermes argued from the onset that "Continental does not have any sustainable 'extra-contractual' claims."  Furthermore, in its memorandum of law supporting its motion for summary judgment, Euler-Hermes argued, in the section discussing Continental's claim for breach of the duty of good faith, that "Continental has not alleged, let alone proffered any evidence of any act on Euler's part that fairly can be characterized as 'so extreme' that it would cause 'injury independent of the policy claim.'"  Under the same heading, it argued that "[i]n short, no sustainable 'extra-contractual' claim is either stated, nor is there evidence that would support any such claim."  Accordingly, we hold that Euler-Hermes's motion and memorandum put Continental on notice of its need to argue that it had evidence establishing each of the elements of its extra-contractual claims.  Consequently, assuming that the district court considered Euler-Hermes's "no evidence" arguments, such consideration was not improper.

Third, we hold that the district court did not abuse its discretion when it denied Continental's motion for reconsideration.  A motion to reconsider "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v.*

No. 13-41179

*HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). "[A]n unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration." *Id.* As explained above, Euler-Hermes put Continental on sufficient notice of its "no evidence" arguments in its initial briefing. Continental was therefore "on notice that failure to present evidence of [the elements of each of its claims] could be grounds for summary judgment." *John Deere Co.*, 809 F.2d at 1191. Accordingly, the district court did not abuse its discretion when it denied Continental's motion to reconsider.

We also hold that summary judgment was appropriate on Continental's remaining extra-contractual claims. We first address Continental's bad faith claim. "Under Texas law, there is a duty on the part of the insurer to deal fairly and in good faith with an insured in the processing of claims." *Higginbotham*, 103 F.3d at 459 (citing *Arnold v. Nat'l Cnty. Mut. Fire Ins. Co.*, 725 S.W.2d 165, 167 (Tex. 1987)). "As long as the insurer has a reasonable basis to deny or delay payment of a claim, even if that basis is eventually determined by the fact finder to be erroneous, the insurer is not liable for the tort of bad faith." *Id.* (citing *Lyons v. Millers Cas. Ins. Co.*, 866 S.W.2d 597, 600 (Tex. 1993)). Continental has not cited evidence in the record "to permit the logical inference that the insurer had no reasonable basis to . . . deny payment of the claim." *Lyons*, 866 S.W.2d at 600. Accordingly, the district court's order granting summary judgment for Euler-Hermes on Continental's bad faith claim was proper.

We also hold that the district court properly entered summary judgment for Euler-Hermes on Continental's negligence claim. There does not appear to be any authority—nor has Continental pointed to any—for the proposition that insurance companies have a duty to draft an insurance policy that contemplates all of the risks that the insured or a third-party beneficiary

6

believes the policy should cover. *Cf. Westchester Fire Ins. Co. v. English*, 543 S.W.2d 407, 414 (Tex. Civ. App.—Waco 1976, no writ) (finding duty breached where insurer failed to include provision in policy specifically requested by insured).

Next, we hold that Continental has failed to establish that a genuine issue of material fact exists as to its reformation claim. "[U]nder Texas law, reformation requires an original agreement followed by a mutual mistake made in reducing the original agreement to writing." *Harbor Ins. Co. v. Urban Const. Co.*, 990 F.2d 195, 199 (5th Cir. 1993) (citing *Cherokee Water Co. v. Forderhause*, 741 S.W.2d 377, 379 (Tex. 1987)). Continental offers no evidence to show that the parties agreed for the Policy to cover claims stemming from the shipment of goods by third parties, and subsequently made a mistake when reducing that agreement to the written Policy. Accordingly, summary judgment on Continental's reformation claim was appropriate.

Finally, we hold that Continental has waived its Texas Deceptive Trade Practices Act (the "DTPA") claim for failing to address whether it is a consumer under the DTPA. *See United States v. Scroggins*, 599 F.3d 433, 446 (5th Cir. 2010) ("A party that asserts an argument on appeal, but fails to adequately brief it, is deemed to have waived it." (internal quotation marks omitted)). Similarly, we hold that Continental has waived its Texas common law fraud claim by failing to address the elements of such a claim. *See id.* ("[A]mong other requirements to properly raise an argument, a party must ordinarily identify the relevant legal standards and any relevant Fifth Circuit cases." (internal quotation marks omitted)).

Accordingly, for the foregoing reasons, we AFFIRM the district court's judgment.